## HURST *et al.* v. WHEELER.

No. 4195.    Opinion Filed March 11, 1913.

(130 Pac. 934.)

**APPEAL AND ERROR—Making and Serving Case-Made—Extension of Time.** The trial judge, after the time for making and serving a case-made, as previously extended by the court, has expired, has no power to extend further the time for making and serving a case.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by H. S. Hurst and others against Agnes P. Wheeler. Judgment for the latter, and the former bring error. Dismissed.

*H. S. Hurst* and *W. F. Harn,* for plaintiffs in error.

*Stuart, Cruce & Gilbert,* for defendant in error.

HAYES, C. J.   On the 18th day of April, 1912, which was within the time theretofore granted to plaintiffs in error by the court for making and serving case-made, they obtained from the judge of the court an order further extending their time for making and serving such case-made for a period of 30 days from the 30th day of April, 1912.   On the 11th day of June, 1912, upon agreement of the parties, an order was made by the judge as of date of May 18, 1912, by which plaintiffs in error were granted a further extension of time of fifteen days from the 20th day of May, 1912, for the purpose of making and serving their case-made.   On June 5, 1912, the time was extended for the further period of five days from that date.   The case was served on June 10th.

A motion to dismiss is now urged, upon the grounds that the court was without power to make the *nunc pro tunc* order, and that the last order of extension, made on June 5th, was made after the expiration of the time granted by the previous order. Assuming, without deciding, that the judge had power to order the clerk to enter the *nunc pro tunc* order extending the time for a period of fifteen days from May 20th, the motion must still be sustained, for the reason that the time granted under said order expired on June 4th, and the last order extending the time was made subsequent thereto.

It is urged by counsel for plaintiffs in error that the time asked for, under the language of their application presented to the court at the time of the making of the *nunc pro tunc* order, did not expire until June 5th.   If there were ambiguity in the order of the court as to the period of time granted, we should probably be justified in looking to the application for aid in construing the order; but the order of the court is plain and unambiguous, and definitely states that the extension of time is for a period of fifteen days from the 20th day of May, 1912, which time expired on June 4th.   The last order of extension, made on June 5th, was therefore after the expiration of the period of time theretofore granted, and service of the case-made within the period of time granted was likewise void.   *Turley v. Hayes & Shirk,*

28 Okla. 655, 115 Pac. 769; *Maddox v. Drake*, 27 Okla. 418, 112, Pac. 969; *Ellis et al. v. Carr*, 25 Okla. 874, 108 Pac. 1101.

The motion to dismiss is sustained.

KANE, DUNN, and TURNER, JJ., concur; WILLIAMS, J., not participating.