### PARKER v. WADLEIGH, *Adm'r.*

No. 6245.   Opinion Filed June 30, 1914.

(141 Pac. 781.)

**APPEAL AND ERROR**—Dismissal—Service of Case-Made—Transcript.
Where a case-made was not served until after the extension of time made by a valid order of the court had expired, it is void; and where the proceeding in error presents no error that can be reviewed upon a transcript of the record, the proceeding will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Mayes County;*
*Preston S. Davis, Judge.*

Action between D. C. Parker and G. A. Wadleigh, administrator. From the judgment, Parker brings error. Dismissed.

*A. C. Brewster,* for plaintiff in error.

*I. C. Duckworth* and *R. A. Mooneyham,* for defendant in error.

LOOFBOURROW, J.   A motion for new trial being overruled on October 9, 1913, the defendant being granted 90 days in which to make and serve case, an order made in April, 1913, purporting to extend the time previously granted, which had expired, is null and void.  See *Turley v. Hayes et al.,* 28 Okla. 655,

115 Pac. 769; *Devault et al. v. Merchants' Exch. Co.,* 22 Okla. 624, 98 Pac. 342; *Carr v. Thompson et al.,* 27 Okla. 7, 110 Pac. 667.

Counsel for plaintiff in error contends that, should the case-made be of no force, the appeal will stand for errors that may be reviewed by transcript. It is true that the record is properly certified by the clerk of the trial court as being a true and correct transcript of the record, but there are but five assignments of error in the petition in error, viz:

"(1) Said court erred in overruling the motion of plaintiff in error for new trial. (2) Said court erred in rejecting testimony offered by said plaintiff in error. (3) That the court erred in finding issues for defendant in error and against plaintiff in error. (4) That the findings and judgment of the court is not supported by the evidence, and is against the weight of the evidence and is contrary to law. (5) That the court erred in rendering judgment for defendant in error and against plaintiff in error."

No question is presented that can be considered on a transcript without bill of exceptions or case-made. See *Saxon v. Hardin,* 29 Okla. 17, 118 Pac. 264.

The appeal is therefore dismissed.

All the Justices concur.