## MIDLAND SAVINGS & LOAN CO. v. MILLER *et al.*

No. 6795.   Opinion Filed February 29, 1916.

(155 Pac. 864.)

APPEAL AND ERROR—Case-Made—Time to Make and Serve—Extension of Time—Validity of Order.   A purported order of the trial judge made at chambers extending the time to make and serve a case-made is without force, where the case-made fails to show affirmatively that such order was entered in the journal of the court, pursuant to section 5317, or section 5324, Rev. Laws 1910.

(Syllabus by the Court.)

*Error from District Court, Ellis County;*
G. A. Brown, *Judge.*

Action by the Midland Savings & Loan Company against S. A. and Virgie L. Miller.   Judgment for defendants, and plaintiff brings error.   Dismissed.

*A. J. Bryant* and *C. B. Leedy,* for plaintiff in error.

*Harry C. Brownlee,* for defendants in error.

KANE, C. J.   This cause comes on to be heard upon a motion to dismiss, filed by the defendants in error, upon

the following grounds: (1) That the case-made herein was not made and served within the time allowed by law, nor within any lawful extension of time therefor; (2) that the original order extending the time to make and serve a case-made granted 60 days therefor from April 14, 1914, but no motion for an extension was filed until June 20, 1914, after the time originally granted for making and serving the case-made had expired; (3) that the purported order of the judge in vacation granting an extension of time to make and serve a case-made was not entered of record in the journal of the court, as required by law, and is void; (4) that only errors occurring at the trial are alleged in the petition in error as grounds for a reversal of the judgment.

The record discloses that judgment herein was rendered on the 13th day of April, 1914; that on the next day the losing party filed a motion for new trial which was overruled the same day, at which time the following order was entered:

"The plaintiff is granted 60 days in which to make and serve a case-made, and 10 days is given to both parties in which to suggest amendments, and the case to be settled upon five days' written notice, to either party, unless the written notice be waived."

Thereafter on June 20, 1914, an order was filed wherein it was recited that:

"On the 11th day of June, 1914, this cause coming on before the undersigned judge in chambers in the city of Mangum on the application and motion of the plaintiff for further time within which to make and serve a case-made, * * * it is ordered and adjudged that the plaintiff be, and is hereby granted an extension of 40 days

from and after the expiration of the time heretofore granted it, and, in addition thereto, within which to make and serve its case-made herein, the defendants to have 10 days thereafter within which to make and suggest amendments, the same to be settled upon five days' written notice by either party."

The record does not disclose whether this chambers order was entered by the clerk pursuant to section 5317, Rev. Laws 1910, which provides:

"Orders, made out of court, shall be forthwith entered by the clerk in the journal of the court, in the same manner as orders made in term"

—or section 5324, Rev. Laws 1910, which provides:

"On the journal shall be entered the proceedings of the court of each day, and all orders of the judge in vacation or at chambers, and also all judgments entered on confession or default."

We think the motion to dismiss is well taken. It is well settled that, where a case-made was not served until the expiration of the time made by a valid order of the court had expired, it is void; and, where the proceeding in error presents no error that can be reviewed upon a transcript of the record, the proceeding will be dismissed. *Saxon v. Hardin,* 29 Okla. 17, 118 Pac. 264; *Parker v. Wadleigh,* 43 Okla. 180, 141 Pac. 781. It is true that in the instant case the order seems to have been made by the judge in chambers within the time formerly granted, but that is not sufficient.

It is well settled in this jurisdiction that a purported order of the trial judge made in chambers extending the time in which to make and serve a case-made is without

force where the case-made fails to show affirmatively that such order was entered of record pursuant to the sections of the statute above quoted. *Fife v. Cornelous*, 35 Okla. 402, 124 Pac. 957; *Springfield F. & M. Ins. Co. v. Gish, Brook & Co.*, 23 Okla. 824, 102 Pac. 708.; *Ellis et al. v. Carr*, 25 Okla. 874, 108 Pac. 1101; *Nelson v. Pittsburg Mtg. Inv. Co.*, 43 Okla. 208, 141 Pac. 1197; *Holmberg v. Will*, 49 Okla. 138, 152 Pac. 357.

The foregoing authorities support the contention of counsel for movant that the case-made must affirmatively show that a chambers order extending time to make and serve a case-made was not only made and filed, but that it was also entered in conformity with sections 5317 and 5324, *supra.*

For the reason stated, the proceeding in error herein is dismissed.

All the Justices concur.