## MORGAN et al. v. BOARD OF COM'RS OF LOGAN COUNTY.

No. 5649—Opinion Filed July 11, 1916.

(159 Pac. 514.)

### Appeal and Error—Preparation of Case on Appeal—Case-Made.

An order or orders, purporting to grant an extension of time in which to serve case-made for appeal to the Supreme Court, made after the expiration of the time or times formerly allowed, is and are nullities, and appeal based upon service of case-made thereunder will be dismissed.

(Syllabus by Davis, C.)

Error from District Court, Logan County; A. H. Huston, Judge.

Action by the Board of County Commissioners of Logan County, Okla., against Fred R. Morgan, C. L. Woods, T. F. McKennon, H. M. Adams, William Wilson, F. L. Williams, and M. Collar. Judgment for plaintiff, and defendants bring error. Dismissed.

H. M. Adams and T. F. McKennon, for plaintiffs in error.

Arthur R. Swank, for defendant in error.

Opinion by DAVIS, C. Final judgment in the court below was rendered on April 9, 1913, in favor of the plaintiff and against the defendants, the defendants duly excepting. Motion for a new trial was duly filed by defendants. on April 10, 1913, and duly heard and overruled by the court on April 21, 1913, the defendants duly excepting, the court, for good cause shown, allowing the defendants "60 days herefrom in which to make and serve a case for appeal herein to the Supreme Court of the state of Oklahoma." The next extension of time is by order of the court as follows:

"Now, on this 18th day of June, 1913, for good cause shown and it appearing to the court, it is ordered and adjudged by the court that the defendants herein be and they hereby are allowed and granted 30 days additional time to that already granted to make and serve a case for appeal herein to the Supreme Court of the state of Oklahoma."

And the next one as follows:

"In the above-entitled cause upon motion of counsel for the defendants and for good cause shown, it is ordered that the defendants be allowed 30 days in addition to the time heretofore granted to make and serve a case-made on appeal to the Supreme Court."

Thus it becomes manifest that the defendants were granted 120 days in all, as shown by the extensions, supra, in which to make and serve a case-made, and that excluding the first day and including the last the time expired on August 19, A. D. 1913, which was on a Tuesday. This being true when the

defendants obtained the next order, which is as follows.

"On this 21st day of August, 1913, it is ordered by the court that the defendant have and be granted ten (10) days additional time to that heretofore given, in which to make and serve a case-made to the Supreme Court of the state of Oklahoma"

—and the next one, which is as follows:

"On this 29th day of August, 1913, it is ordered by the court that the defendant have and be granted thirty (30) days additional time to that heretofore given in which to make and serve a case-made to the Supreme Court of the state of Oklahoma"

—their time had expired and 2 days besides had fully elapsed, and hence the service of the case-made upon the plaintiff on September 25, 1913, was not within the time fixed and allowed by the trial court by any valid and subsisting order extending the time in which to make and serve such case-made, and renders this court powerless to hear, consider, and determine this cause on appeal. This rule is universal and firmly established in our law and procedure of appellate practice in this state. It needs no citation of authorities, but see the cases of V. J. Howard et al. v. Freeman Arkansaw et al., 59 Okla. —, 158 Pac. 437, and cases cited therein; and Childs v. Moore. 45 Okla. 206, 157 Pac. 333, Byrd v. Harrison, 45 Okla. 142, 145 Pac. 318; McLean v. McLean et al., 45 Okla. 765, 147 Pac. 302, and cases cited.

The orders of August 21, 1913, and August 29, 1913, supra, being nullities, the appeal based upon service of case-made thereunder will be dismissed. Appeal and proceedings in error herein are dismissed.

By the Court: It is so ordered.