## SOUTHERN SURETY CO. v. SMITH.

No. 7898—Opinion Filed June 6. 1917.

Order Granting Rehearing Set Aside and Appeal Dismissed Nov. 25, 1919.

(184 Pac. 905.)

**Appeal and Error—Case-Made—Jurisdiction —Dismissal.**

Where it does not affirmatively appear from the record that the purported case-made was served within the time fixed by the trial court. or within an extension of the time allowed, such case-made is a nullity, and confers no jurisdiction upon this court, and the appeal will be dismissed.

(Syllabus by Collier, C.)

Error from District Court, Pawnee County: Conn Linn, Judge.

Action by George H. Smith, guardian of James Peters, a minor, against the Southern Surety Company. Judgment for plaintiff. motion for new trial overruled, and defendant brings error. Appeal dismissed.

William T. Hutchings, for plaintiff in error.

Clark & Armstrong. for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against plaintiff in error to recover upon a bond executed as surety for a guardian. There was judgment for defendant in error in the sum of $1,600, and interest, to which plaintiff in error duly excepted. Motion for new trial was timely filed, overruled, said action of the court duly excepted to, and error brought to this court.

Motion is made to dismiss the appeal upon the ground that it does not affirmatively appear from the record that the case-made was served within the time fixed for service thereof; and upon other grounds which we deem unnecessary to consider. A careful examination of the record does not disclose that the case-made was served upon the defendant in error within the time allowed by the court or was served at any time. The letter of the attorney for defendant in error to attorney for plaintiff in error, relied upon by plaintiff in error as proof of the time of service of said case-made, is too indefinite to constitute proof of service of the case-made. Besides, said letter was not written until after the expiration of time fixed for service of the case-made, at a time that the trial court could not have legally extended the time for serving a case-made, a time fixed therefor having expired. The case-made is a nullity, and confers no jurisdiction upon this court, and is not certified as a transcript.

"A purported case-made which is not served within the statutory time after the judgment appealed from is entered, or within an extension of time duly allowed, is a nullity, and cannot be considered by the Supreme Court." Navarre v. Finerty, 56 Okla. 218, 154 Pac. 1143; Powell v. First State Bank of Clinton. 56 Okla. 44, 155 Pac. 500.

"An order or orders. purporting to grant an extension of time in which to serve case-made for appeal to the Supreme Court. made

after the expiration of the time or times formerly allowed, is and are nullities, and appeal based upon service of case-made thereunder will be dismissed." Morgan v. Board of Commissioners of Logan County, 59 Okla. 290, 159 Pac. 514.

It follows that the appeal must be dismissed.

By the Court: It is so ordered.