## CRIPPLE CREEK OIL CO. v. KING et al.

No. 10929.   Opinion Filed Nov. 25, 1919.

(Syllabus by the Court.)

**1.   Appeal and Error — Case-Made — Extension of Time.**

An order or orders, purporting to grant an extension of time in which to serve case-made for appeal to the Supreme Court, made after the expiration of the time or times formerly allowed, is and are nullities, and appeal based upon service of case-made thereunder will be dismissed.

**2.   Same—Case-Made Not Served.**

A purported case-made, which is not served within three days after the judgment or order is entered, or within an extension ot time duly allowed, is a nullity, and cannot be considered by this court.

Error from District Court, Nowata County; C. W. Mason, Judge.

Action by Cripple Creek Oil Company, a corporation, against C. A. King and J. C. Newbert. From a judgment for defendants, plaintiff brings error. Dismissed.

Thomas E. Elliott, for plaintiff in error.

Hamilton & Pendleton and Glass, Weaver & Calvert, for defendants in error.

KANE, J.   The motion for new trial in this case was overruled on the 8th day of April, 1919, at which time plaintiff was granted sixty days in which to make and serve case-made in the Supreme Court. On June 2, 1919, an order was made granting an extension of fifteen days from and after June 6, 1919, for preparing, serving and filing said case-made. On June 23, 1919, a further extension of thirty days from June 21, 1919, was granted by the court. On July 22, 1919, a further extension of thirty days was granted. The two latter orders were invalid because made after the expiration of the time originally granted. Latham v. Schlack, 27 Okla. 522, 112 Pac. 968; Lawson et al. v. Zeigler, 33 Okla. 368, 125 Pac. 724; Hurst et al. v. Wheeler, 35 Okla. 639, 130 Pac. 934; Williams v. New State Bank, 38 Okla. 326, 132 Pac. 1087; Campbell v. Ruble, 40 Okla. 48, 135 Pac. 1050; Wills v. Buzbee, 42 Okla. 206, 140 Pac. 1146; Morgan et al. v. Board of Com'rs of Logan County, 59 Okla. 290, 159 Pac. 514. The case-made was served August 20, 1919, after the time originally granted had expired, as well as after the expiration of the additional period provided by the subsequent invalid orders.

The plaintiff, at the time this appeal was attempted, had three days by statute in which to make and serve case-made upon the defendant, after the judgment was entered, and, not having done so within that time, or the extension of sixty days granted by the court, the case cannot be considered by this court. Carr v. Thompson et al., 27 Okla. 7, 110 Pac. 667; Foulds v. Hubbard, 36 Okla. 146, 128 Pac. 108; St. Louis & S. F. R. Co. v. Rickey, 33 Okla. 481, 126 Pac. 735; Brown-Beane Co. et al. v. Rucker et al., 36 Okla. 696, 136 Pac. 1075; Wills v. Buzbee, 42 Okla. 206, 140 Pac. 1146.

The appeal is therefore dismissed.

All the Justices concur.