## GRECO v. KOOL KOLA CO.

No. 11435—Opinion Filed June 29, 1920.

Rehearing Denied Aug. 31, 1920.

(Syllabus by the Court.)

1. **Appeal and Error—Case-Made—Time—Dismissal.**

Where a case-made shows that it was not made and served within the time provided by law or within an extension of this time through a valid order of the trial court or judge, this court is without jurisdiction, and the appeal will be dismissed.

2. **Same—Review on Transcript.**

Where a case-made is not served until the expiration of the time allowed by a valid order of the court, it is void; and, where the proceeding in error presents no errors that can be reviewed upon a transcript of the record, the proceeding will be dismissed.

Error from District Court, Oklahoma County; Hal Johnson, Assigned Judge.

Action by Joe S. Greco against the Kool Kola Company. Judgment for defendant, and plaintiff brings error. Dismissed.

Gustave A. Erickson and John H. Carney, for plaintiff in error.

H. F. Tripp and Ledbetter, Stuart, Bell & Ledbetter, for defendant in error.

KANE, J. This cause comes on to be heard upon the motion to dismiss filed by defendant in error upon the ground that the case-made was not served within 15 days after judgment or within the extension of time granted by a lawful order of the trial court.

The record discloses that judgment herein was rendered on November 29, 1919, and that on the same date a motion for new trial was overruled by the court, and plaintiff in error granted an extension of time of 90 days from said date in which to make and serve a case-made, and defendant in error ten days thereafter in which to suggest amendments; said case-made to be settled upon five days' notice in writing by either party. Thereafter, on February 25, 1920, the following order was entered:

"Motion for new trial overruled. Plaintiff excepts. Notice of appeal given in open court. 90-10-5 days to make and serve case-made."

No additional motion for new trial had been filed and no reason appears why the second order was made.

Defendant in error contends that the time to make and serve case-made on appeal expired February 27, 1920, 90 days from November 29, 1919, and that the case-made filed herein and served on defendant in error on May 11, 1920, is void and of no effect because not served within the extension of time granted by order of the court.

Section 5242, Rev. Laws 1910, as amended by section 1, chap. 218, Sess. Laws 1917, provides that a case-made shall be served upon the opposite party or his attorney within 15 days after judgment or order is rendered; and section 5244, Rev. Laws 1910, provides that an extension of time to make and serve case-made may be granted upon good cause shown. Time to make and serve case-made can only be extended by the court or judge upon good cause shown, and not otherwise. Pappe v. American Fire Insurance Co., 8 Okla. 97, 99, 56 Pac. 860.

It is the duty of the party appealing to prepare the case-made within the time allowed by law or the extension granted by the trial court, and where more time than that allowed by the first order of the court is needed it is the duty of such party to make a showing of cause to the trial court or

judge and secure further extension of time. The order of the trial court herein of February 25, 1920, does not purport to be an order extending the time for making case-made. It purports to do what has already been done by the order of November 29, 1919, and is therefore, in the absence of a showing of the invalidity of the first order, a nullity.

There has been no second motion for new trial filed, and no reason appears of record and none has been shown by counsel for plaintiff in error why the order of February 25, 1920, was made. It therefore appears to have been done by inadvertence. It is insufficient to relieve plaintiff in error of his duty to secure an extension of time in which to make case-made upon a showing of cause.

The case-made not having been served within the time provided by law, or within an extension of the time granted by any valid order of the trial court, this court is without jurisdiction, and the appeal should be dismissed. Colter et al. v. Martin et al., 60 Okla. 181, 159 Pac. 853.

Where a case-made is not served until the expiration of the time allowed by a valid order of the court, it is void; and, where the *proceeding in error presents no errors that* can be reviewed upon a transcript of the record, the proceeding will be dismissed. Midland Savings & Loan Co. v. Miller et al., 53 Okla. 149, 155 Pac. 864.

For the reasons stated, the proceeding in error herein is dismissed.

HARRISON, V. C. J., and PITCHFORD, JOHNSON, McNEILL, and RAMSEY, JJ., concur.