## COOK v. COOK.

No. 11340—Opinion Filed Aug. 10, 1920.

Rehearing Denied Sept. 21, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Case-Made—Time for Service.**

A prepared case-made which is not served within 15 days after the judgment or order is rendered or within an extension of time duly allowed is a nullity and cannot be considered by this court.

**2. Same—Validity—Certification as Transcript—Review—Dismissal.**

Where a case-made is not served until the expiration of the time allowed by a valid order of the court extending the time for such preparation and service, it is void and, although such case-made may be certified as a transcript of record, the proceedings in error will be dismissed where the petition in error presents no assignment that can be reviewed upon a transcript.

**3. Same—Preparation of Record in Divorce Case—Statutes.**

Section 4971, Rev. Laws 1910, requiring the party desiring to appeal from a judgment granting a divorce to file a written notice in the office of the court clerk within ten days after the judgment is rendered stating the intention of such party to appeal, and also providing that proceedings in error shall be begun in the Supreme Court within four months of the date of the decree appealed from and not thereafter, does not prescribe the method of the preparation and service of the record upon which the appeal is based, and the preparation and service of a case-made or record for an appeal of a divorce action is governed by the general statutes, 5241 et seq., relating to the appeal of ordinary civil actions.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Maggie Cook against J. H. Cook for divorce and alimony. Judgment for plaintiff, and defendant brings error. Dismissed.

G. W. Buckner, for plaintiff in error.

W. W. Sutton, for defendant in error.

RAINEY, C. J. This action was commenced in the district court of Garfield county, Okla., by the defendant in error, Maggie Cook, against J. H. Cook for a decree of divorce and alimony. After the trial of the cause the court rendered judgment upon the 23rd day of December, 1919, granting the plaintiff a divorce and ordered the defendant to pay $1,000 as alimony and $200 attorney fee. Thereafter, in due time, the plaintiff in error filed a motion for a new trial, which was overruled on the 3rd day of January, 1920, and the court granted the plaintiff time

within which to make and serve case-made. This time was fixed at 90 days from date of the judgment and decree in the cause.

On March 26, 1920, the defendant below, plaintiff in error here, filed an application for an extension of time within which to make and serve case-made and in this application alleged that the attorneys for the defendant and the court reporter of said court were of the opinion that the time allowed for the preparation of the case-made ran from January 3, 1920, the date of the overruling of the motion for new trial, and not from the date of the rendition of the decree and judgment. This application for an extension was heard before the trial judge, and after hearing the evidence the trial judge granted the extension, and in granting the extension said he was of the opinion that the journal entry was a little misleading, that he didn't know whether he had the authority to sign the order or not, but extended the time.

The defendant in error has filed a motion to dismiss the appeal, for the reason the case-made was not served within the time fixed by the original order of the court for the preparation and service of same. In response to this motion the plaintiff in error contends that upon the hearing in the trial court upon the application for extension of time to prepare and serve case-made a sufficient showing was made to warrant the trial judge in granting the extension; and, further, that section 4971, Rev. Laws 1910, regulating appeals in divorce actions, is a special statute independent of the general statutes on appeals, and prescribes the method of perfecting appeals for divorce actions, and that appeals in such actions are not governed by the general statutes relating to the preparation of records and case-mades in ordinary civil actions.

In overruling the motion for a new trial in this cause the court granted an extension of 90 days from the date of the decree and judgment rendered in the cause, in which to prepare and serve case-made. The decree and judgment was rendered on December 23, 1919. The application, therefore, for additional time in which to prepare case-made being filed on March 26, 1920, came too late, the 90 days expiring on March 23, 1920. But plaintiff in error contends that, if it is necessary in divorce actions that an extension of time be secured in which to serve case-made if unable to prepare and serve the same in 15 days, as prescribed by section 5242, Rev. Laws 1910, the showing made on the hearing had in the trial court upon the application for an extension of time to prepare the record 4256, which permitted the trial court to grant, brought him within the provisions of section

on account of accident or misfortune which could not reasonably have been avoided by the party appealing, an extension of time to prepare case-made even after the expiration of the time fixed in the former order. The showing made by counsel for plaintiff in error was that shortly after the motion for new trial was overruled his attorney had his leg broken and was unable to transact business for sometime thereafter. The record shows conclusively, however, that this attorney was able to be in his office and transact business about the first of March, 1920, which was about three weeks before the time expired in which to prepare this record. This was not a sufficient showing of diligence, and in fact does not show an accident or misfortune which would prevent the defendant from appealing.

Section 4971, Rev. Laws 1910, providing for a written notice of appeal in divorce cases to be filed and also requiring that proceedings in error for reversal of judgments in divorce actions be filed within four months of the date of the decree appealed from, does not refer to the manner of the preparation and settlement of the record or case-made for the purpose of appeal. Section 5235 et seq. and amendments thereto describe the method in which the case-made or record must be prepared and settled, and no exception to such statute is made in the matter of appeals from divorce actions.

The case-made, as filed in this court, is certified as a transcript. The assignments of error, however, are such as can be considered by this court only on a properly presented and properly settled and attested case-made; the errors assigned being errors that occurred during the trial of the cause. The case-made not having been prepared and served within the period fixed by the first order, an attempted extension by the trial court after the expiration of time was a nullity and the case-made cannot be considered here. Cripple Creek Oil Co. v. King, 76 Okla. 316, 185 Pac. 439; Morgan v. Board of County Com'rs, 59 Okla. 290, 159 Pac. 514; Wills v. Buzbee, 42 Okla. 205, 140 Pac. 1146.

The errors assigned, being errors occurring at the trial, cannot be considered here on a transcript of the record. Greco v. Kool Kola Co., decided June 29, 1920, 79 Okla 120; Midland Sav. & Loan Co. v. Miller et al., 53 Okla. 149, 155 Pac. 864.

Therefore, the appeal will be dismissed, and it is so ordered.

HARRISON, KANE, PITCHFORD, and McNEILL, JJ., concur.