## SAMUEL DODSWORTH BOOK CO. v. FULCHER.

No. 9681—Opinion Filed Nov. 30, 1920.

Rehearing Denied Jan. 5, 1921.

(Syllabus by the Court.)

1. **Appeal and Error—Case-Made—Time for Service—Dismissal.**

A purported case-made which is not served within 15 days after the judgment or order is entered, or within an extension of time duly allowed, is a nullity and cannot be considered by the Supreme Court.

2. **Same—Notice of Settlement of Case-Made.**

Where it does not affirmatively appear that notice of time and place of signing and settling a case-made was served on opposing party or his counsel, or that such notice was waived or that opposing party was present in person or by counsel, the appeal will be dismissed on motion of the defendant in error.

3. **Same—Time for Service of Case-Made—Case-Made as Transcript.**

Where a case-made is not served until after the expiration of the time allowed by a

valid order of the court extending the time for such preparation and service, it is void, and, although such case-made may be certified as a transcript of record, the proceeding in error will be dismissed where the petition in error presents no assignment which can be reviewed upon a transcript.

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Action between Arch Fulcher and the Samuel Dodsworth Book Company. From the judgment, the latter brings error. Appeal dismissed.

J. D. Hook, for plaintiff in error.

J. I. Coursey, for defendant in error.

JOHNSON, J. The motion to dismiss, to which there has been no response, urges among other grounds that the case-made was not served within the time allowed by law or an extension thereof; that the case-made was signed and settled without giving notice to the defendant in error of the time and place of signing and settling, and without waiver of notice and in the absence of defendant in error and his counsel; and that the petition in error presents no assignment which can be reviewed upon a transcript. The motion is well taken.

The record discloses that the case-made was not served until after the expiration of the 15 days allowed by law or a valid order of the court granting an extension of this time. A purported case-made which is not served within 15 days after the judgment or order is entered or within an extension of time duly allowed is a nullity and cannot be considered by the Supreme Court. Cook v. Cook, 79 Okla. 221; Cripple Creek Oil Co. v. King, 76 Okla. 316, 185 Pac. 439.

The record further shows that the case-made was signed and settled without notice to the defendant in error and without waiver of such notice, and that defendant in error was not present either personally or by counsel at the settlement. Where it does not affirmatively appear that notice of time and place of signing and settling case-made was served on opposing party or his counsel, or that such notice was waived or that opposing party was present in person or by counsel, the appeal will be dismissed on motion of the defendant in error. Perfection Refining Co. v. Woolworth, 76 Okla. 297, 185 Pac. 327; Harkins v. McPhail, 77 Okla. 162, 187 Pac. 222.

The matters urged for review concern motions presented to the trial court, rulings thereon, and exceptions thereto, and are not properly a part of the record. They cannot, therefore, be preserved and presented for review on appeal except by being incorporated in a bill of exceptions or case-made.

Where case-made is not served until the expiration of the time allowed by a valid order of the court extending the time for such preparation and service, it is void, and, although such case-made may be certified as a transcript of record, the proceedings in error will be dismissed where the petition in error presents no assignment that can be reviewed upon a transcript. Folsom v. Billy, 78 Okla. 146, 189 Pac. 188; Cook v. Cook, 79 Okla. 221.

For the reasons stated, the appeal is dismissed.

All the Justices concur, except PITCHFORD, J., disqualified and not participating.