## In re ASSESSMENT OF CENTRAL NAT. BANK OF OKMULGEE.

No. 11204—Opinion Filed May 10, 1921.

(Syllabus.)

### Appeal and Error—Case-Made—Extension of Time—Validity.

A case-made, served by the acceptance of service on January 17, 1920, and afterwards filed in the Supreme Court with a petition in error, does not give the Supreme Court jurisdiction to hear said appeal where the original order, extending time to make and serve case-made, was made on the 16th day of August, 1919, and allowed 90 days thereafter within which to make and serve case-made, and more than 90 days thereafter, and on to wit, November 15, 1919, a second order was made by the trial court extending the time in which to make and serve case-made to January 5, 1920, inclusive, and on January 3, 1920, another order was made extending time to January 20, 1920, inclusive. The second order was void, as the trial court had lost jurisdiction by reason of the expiration of time fixed in the first order for making and serving case-made, and all subsequent orders of the trial court were also void, and the Supreme Court has no jurisdiction to hear the appeal. Held, on a motion to dismiss the appeal for want of jurisdiction by the Supreme Court, said motion will be sustained and the appeal dismissed.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

In the matter of the assessment of the Central National Bank of Okmulgee. On ap-

peal from the Board of Equalization of Okmulgee County there was judgment for the bank, and the board and the county assessor bring error. Dismissed.

L. A. Wallace, for plaintiffs in error.

G. E. Cassity, for defendants in error.

ELTING, J. This is an appeal from Okmulgee county by the county assessor and the county board of equalization of Okmulgee county, Oklahoma, and was filed in this court February 14, 1920.

This action, being originally an appeal from the board of equalization of Okmulgee county in the matter of the assessment of the Central National Bank of Okmulgee for 1918 to the district court of Okmulgee county was tried before the Hon. Mark L. Bozarth. Judgment in favor of the bank. Motion for a new trial filed and overruled August 16, 1919; appeal prayed for by the county assessor and board of equalization of Okmulgee county. The order overruling motion for new trial included the following:

"And for good cause shown, said county assessor and board of equalization of Okmulgee county, appellee herein, are granted an extension of 90 days from date hereof within which to make and serve a case-made; the appellant, said Central National Bank of Okmulgee, is given ten days thereafter in which to suggest amendments; and case-made shall be signed and settled thereafter upon five days' notice in writing by either party hereto."

On the 15th day of November, 1919, the judge of the district court made an order extending time in which to make and serve case-made, giving them until the 5th day of January, 1920, which order was in words and figures as follows, omitting the caption:

"Now on this the 15th day of November, 1919, the application of the county assessor and board of equalization of Okmulgee county, Oklahoma, appellees herein, for an extension of time in which to prepare and serve a case-made being presented to the court and judge thereof, and said application being duly considered, the court finds that there exists good cause why said extension should be granted.

"It is therefore hereby ordered that said appellees be and they are hereby given until the 5th day of January, 1920, inclusive, in which to prepare and serve said case-made and the time for preparing and serving said case-made is hereby extended until said date, appellant is given ten days after service to suggest amendments and said case-made to be settled upon three days' notice by either party.                Mark L. Bozarth,
             "Judge of the District Court."

On the 3d day of January, 1920, the district judge of Okmulgee county made another order extending the time to make and serve case-made to January 20, 1920, which order, omitting caption, was in words and figures as follows:

"Now on this, the 3d day of January, 1920, the application of the board of equalization and the county assessor for an extension of time in which to prepare and serve their case-made being presented to the court and the judge thereof, and said application being duly considered and the court finds that there exists good cause why said extension should be granted.

"It is therefore hereby ordered that said board of equalization and county assessor be and they are hereby given until the 20th day of January, 1920, inclusive, in which to prepare and serve said case-made and the time for preparing and serving said case-made is hereby extended until said date, appellant is given ten days after service to suggest amendments and said case-made to be settled and signed upon three days' notice by either party.        . Mark L. Bozarth,

             "Judge of the District Court."

On March 8, 1921, the defendant in error, the Central National Bank of Okmulgee, filed a motion asking this court to dismiss the appeal of the plaintiffs in error for the reason that this court is without jurisdiction to hear and determine the matters involved in said appeal and the errors complained of in the petition in error filed herein by said plaintiffs in error.

The order made by the district judge of Okmulgee county on November 15, 1919, extending the time within which to make and serve case-made, was made at a time more than 90 days from the time of the original order, which original order extended the time 90 days from its date in which to make and serve case-made, and therefore such second order was a nullity, and the third order of the district judge of Okmulgee county extending the time to make and serve case-made was also a nullity, as the trial court had lost its power to make said orders of extension, and, hence, there is no legal appeal to this court, and therefore the motion to dismiss the appeal should be granted. Cripple Creek Oil Co. v. King, 76 Okla. 316, 185 Pac. 439; Morgan v. Board of County Com'rs, 59 Okla. 290, 159 Pac. 514; Wills v. Buzbee, 42 Okla. 206, 140 Pac. 1146; Cook v. Cook, 79 Okla. 222, 192 Pac. 215; Saxon v Hardin, 29 Okla. 17, 118 Pac. 264; Parker v. Wadleigh, 43 Okla. 180, 141 Pac. 781; Greco v. Kool Kola Co., 79 Okla. 120, 191 Pac. 1036.

Therefore, the appeal will be dismissed, and it is so ordered.

HARRISON, C. J., and PITCHFORD, McNEILL, and NICHOLSON, JJ., concur.