## MONTOOTH et al. v. SMITH.

No. 12939—Opinion Filed Feb. 7, 1922.

(Syllabus.)

## Appeal and Error—Case-Made—Extensions of Time—Validity of Orders—Dismissal.

An order or orders, purporting to grant an extension of time in which to serve case-made for appeal to the Supreme Court, made after the expiration of the time or times formerly allowed, is and are nullities, and appeal based upon service of case-made thereunder will be dismissed.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by W. A. Smith against G. L. Montooth and another on promissory note. Judgment for plaintiff, and defendants bring error. Dismissed.

A. H. Tyler, for plaintiffs in error.

W. A. Smith and Morgan & Deupree, for defendant in error.

PITCHFORD, V. C. J. This cause was commenced in the district court of Oklahoma county, Okla., by the defendant in error against the plaintiffs in error on a promissory note executed on the 12th day of February, 1917, in favor of defendant in error. Hereafter the parties will be referred to as they appeared in the trial court.

On the 14th day of June, 1921, the cause came on regularly for trial before Hon. James I. Phelps. At the conclusion of the evidence, a verdict was returned in favor of the plaintiff and against the defendants. On the 2nd day of July, 1921, the motion filed by defendants for new trial was overruled and defendants were given 30 days to make and serve case-made. On the 29th day of July, 1921, and which was within the 30 days theretofore granted to make and serve case-made, the following order extending the time to prosecute the appeal was made, to wit:

"Now on this the 29th day of July, 1921, upon application of defendants, and for good cause shown, the defendants are granted 60 days from this date in which to make and serve case-made, and ten days thereafter is given to suggest amendments, and five days to serve same upon notice."

Thereafter, on the 28th day of September, 1921, the defendants were granted a period of 30 days in addition to the time theretofore granted. Numerous extensions were thereafter secured, and the case-made was served upon the defendants on the 19th day of December, 1921.

Plaintiff has filed in this court a motion to dismiss the appeal, on the ground that the case-made was not served within the time allowed by law, or within the time extended by any valid order of the trial court. Notice of this motion has been served, and no response thereto has been filed.

It will appear from the foregoing statement that the second application for extension, in which to make and serve case-made, was in the life of the original order extending the time. The second order gave the defendants 60 days from the 29th day of July in which to make and serve case-made. The 60 days' time expired on the 27th of September thereafter. Therefore, the judge of the district court was without jurisdiction to grant a further extension.

In Samuel Dodsworth Book Co. v. Fulcher, 80 Okla. 97, 194 Pac. 218, the rule is stated as follows:

"Where a case-made is not served until after the expiration of the time allowed by a valid order of the court extending the time for such preparation and service, it is void, and although such case-made may be certified as a transcript of record, the proceeding in error will be dismissed, where the petition in error presents no assignment which can be reviewed upon transcript."

In Cripple Creek Oil Co. v. King et al., 76 Okla. 316, 185 Pac. 439, it is said:

"An order or orders, purporting to grant an extension of time in which to serve case-made for appeal to the Supreme Court, made after the expiration of the time or times formerly allowed, is and are nullities, and appeal based upon service of case-made thereunder will be dismissed."

The order extending the time made on the 28th of September being a nullity, this court is without jurisdiction to entertain the appeal, and the motion to dismiss is therefore sustained.

The defendant in error having filed with the clerk of this court a motion for judgment on the supersedeas bond, and it appearing that a certified copy of said bond is included in the case-made, it is ordered and adjudged by the court that said defendant in error do have and recover of and from the plaintiffs in error, as principals, and Jack Coleman and Mrs. O. C. Montooth, as sureties on said bond, the sum of $146.37, with interest thereon at the rate of six per cent. per annum from the 11th day of July, 1921, and the costs of said action, for which execution is hereby awarded.

JOHNSON, McNEILL, ELTING, and NICHOLSON, JJ., concur.