## PERRIER v. PERRIER.

No. 16386—Opinion Filed June 23, 1925.

(Syllabus.)

1. **Appeal and Error—Invalidity of Case-Made not Served in Time.**

Where a case-made is not served until the expiration of the time allowed by law and no extension of time is allowed by the court, it is a nullity, and gives the Supreme Court no jurisdiction of the appeal as a case-made.

2. **Same—Consideration as Transcript.**

Though a void case-made be certified as a transcript of the record, unless it is filed in this court within the time provided for filing an appeal, it cannot be considered for any purpose.

Appeal from District Court, Washington County; H. C. Farrell, Judge.

Action between Rella A. Perrier and Louis

F. Perrier. From the judgment, the former brings error. Appeal dismissed.

Hargis & Yarbrough, for plaintiff in error.

Campbell & Ray, for defendant in error.

PER CURIAM. This appeal is from a divorce action in which a decree was rendered December 30, 1924. Motion for a new trial was overruled January 17, 1925. Case-made was not served until March 6, 1925, more than fifteen days after order overruling motion for new trial was made. No extension of time for serving case-made was allowed by the court.

In Cook v. Cook, 79 Okla. 222, 192 Pac. 216, it is held that a purported case-made in a divorce action, which has not been served within fifteen days from the date of the order sought to be reviewed, or within an extension of time duly allowed, cannot be considered by this court for lack of jurisdiction.

The case-made is certified as a transcript of the record and was filed in this court within four months from the date of the order overruling motion for new trial, the statutory time for bringing appeals from divorce actions, but after expiration of four months from the date decree of divorce was rendered. In these circumstances this court is without jurisdiction to consider errors reviewable upon transcript, if such errors be assigned. Richardson v. Beidleman, 33 Okla. 463, 126 Pac. 818. In this case a void case-made, certified as a transcript, was filed in the Supreme Court within a year from the date of the order overruling motion for a new trial, but not within a year from date of final judgment in the cause, and in refusing to review the case as upon a transcript this court held:

"When the action of the lower court is sought to be reviewed by a transcript, the proceeding in error must be commenced in this court within a year (now six months) from the date the judgment or order sought to be reviewed is rendered."

Inasmuch as the case-made in the case at bar cannot be considered as a case-made for want of valid service, and was not filed within the time for filing a transcript, this court never obtained jurisdiction in the cause for any purpose.

Therefore, the proceeding in error is dismissed.

Note.—See under (1) 4 C. J. p. 346, § 1986; (2) 4 C. J. p. 417, § 2115.