## SOLISS v. DAVIS, *County Judge.*

### No. 1943. Opinion Filed March 21, 1911.

### (114 Pac. 609.)

1. **APPEAL AND ERROR—Case-Made—Extension of Time.** An order extending the time in which to make and serve a case-made provided "that defendant should be granted 60 days in which to make and serve a case-made." Held, that the period of time granted by the order began to run from the date of making the order, and not from the expiration of the statutory period of three days after entry of judgment appealed from in which to make and serve a case.

2. **SAME.** Neither the court nor the judge thereof in vacation, after the time prescribed by the statute or granted by the court within which to prepare and serve a case-made has expired, has power to extend the time fixed by statute or previously granted the court in which to make and serve a case-made.

(Syllabus by the Court.)

Application on the relation of John P. Soliss for a writ of mandamus against Josiah G. Davis, County Judge. Writ Denied.

*McDougal, Lattimore & Lytle,* for relator.
*Hughes & Miller,* for respondent.

HAYES, J. This is an original proceeding in this court by relator against respondent, the county judge of Creek county, for a writ of mandamus to compel respondent to sign and settle a case-made in a certain cause styled on the docket of said court "Stella De-Cramer v. John P. Soliss" The facts pertaining to the same are as follows:

On the 17th day of March, 1910, a judgment was rendered in said cause in favor of plaintiff therein and against relator here: On the 24th day of the same month, relator's motion for a new trial was overruled, at which time he asked for an extension of time in which to make and serve a case-made, and was granted by the court 60 days in which to make and serve same. Thereafter, on the 24th day of May, 1910, application was made by relator to respondent for a second order extending the time in which to make and serve the case, which was by respondent granted. Thereafter, on the 21st day of July of the same year, after having served the case upon plaintiff in the action, relator presented the same to respondent to be signed and settled; but, upon objection being made by plaintiff, respondent refused to sign and settle the case upon the ground that the first order extending the time within which to sign and settle the case had expired before the second order was made; and that respondent for that reason is without jurisdiction in the matter.

Relator contends: First, that the first order of extension did not expire until the 26th day of May, 1910; and, secondly, that if it did expire on the 23d day of May, 1910, as contended by respondent, respondent has the power to make a second order extending the time after the expiration of the time granted by the first, because relator was deprived of an opportunity to serve his case during the first extension of time by the negligence of the official stenographer in failing to prepare the case, and because of the absence of the respondent from his office on the 23d day

of May, when relator went there for the purpose of securing the second order. These contentions of relator cannot be sustained.

The journal entry of the order made on the 24th day of March, 1910, extending the statutory time for serving the case, among other things, provides:

"That said defendant should be granted an extension of time in which to make and serve a case-made in the above-entitled cause for the Supreme Court; that defendant should be granted 60 days in which to make and serve a case-made."

The court found that defendant should be granted an extension of time in which to make and serve his case, and ordered that he have 60 days in which to do so. The order does not read that "he shall have sixty days' extension of time," or that "the time shall be extended sixty days," but that "he should be granted sixty days in which to make and serve a case-made." Under the statute, he has three days after the entry of the order overruling the motion for a new trial in which to make and serve his case. Section 4741, Wilson's Rev. & Ann. St. It is contended by relator that said statutory period of three days should not be included within the period granted by the order, but that the order should be construed to mean that relator should have 60 days after the expiration of said statutory period of 3 days in which to make and serve the case. We do not think that the order is susceptible of this construction; and it is disclosed by the record that such construction was not given to this order by relator until after the time granted by the order had expired, for, in his application for the second order of extension, he construes this order as granting him only 60 days in which to make his case. That portion of the order quoted which finds that an extension should be granted does not conflict with that part which fixes the period of time granted. The granting of 60 days in which to make the case grants an extension of 57 days beyond the statutory period. It carries out the finding of the court that an extension should be granted. It is apparent that it was the opinion of the court, at the time the order was made, that

60 days would be sufficient time for plaintiff to prepare his case; and that the statutory period of 3 days would be insufficient; and, instead of making the order read a 57 days' extension after the expiration of the statutory period, the order provided that relator shall have the total period of 60 days. This period of time expired on the 23d day of May, 1910, which was before the granting of the second order.

It is the well-settled rule in this jurisdiction that neither the court nor the judge thereof in vacation, after the time prescribed by the statute or granted by order of court within which to prepare and serve a case-made has expired has the power to extend the time granted by the statute or previously granted by the court in which to make and serve a case-made (*London & Lancashire Fire Inc. Co. v. Cummings et al.*, 23 Okla. 126, 99 Pac. 654) ; and such power cannot be conferred upon the court or judge by agreement of the parties that such extension may be granted and by acquiescence of the court therein (*Aetna Life Ins. Co. v. Koons*, 26 Kan. 215). If the consent of both parties to the action and the acquiescence of the trial judge therein cannot confer power upon the judge or court to make the order after the expiration of the time previously extended, much less can such power be conferred by any act of the judge alone, or of the judge and one of the parties. In *Robertson v. Curtis*, 68 Kan. 814, 74 Pac. 156, the official stenographer neglected to prepare a transcript of the proceedings within the time granted for making and serving the case. For this neglect, the plaintiff in error was in no way responsible; but the court held that such fact did not authorize the trial court to make, after the expiration of time previously granted for serving the case had expired, a second order fixing the time within which the case-made could be made and served.

It follows, therefore, that since respondent was without any authority or power to sign and settle the case at the time the same was presented to him for such purpose, and that since any act

of his settling and signing the same would be void, the writ should be denied, and the cause dismissed, and it is so ordered.

All the Justices concur.