**TANNER, Adm'x, v. CRAWFORD.**

No. 10001—Opinion Filed Jan. 25, 1921.

(Syllabus by the Court.)

**Appeal and Error—Case-Made—Extension of Time—Validity of Order.**

An order extending the time for making and serving a case-made, made after the expiration of the time fixed by former order of the court or trial judge, is void.

(a) A case-made made and served within the time fixed by such void order is a nullity, and cannot be considered as such by this court. Lovejoy, Russell & James v. Graham et al., 33 Okla. 129, 124 Pac. 25.

Error from District Court, Harper County; W. C. Crow, Judge.

Action by Essie Tanner, administratrix of the estate of Fred C. Tanner, deceased, against G. B. Crawford. Judgment for defendant, and plaintiff brings error. Dismissed.

J. L. Griffitts, for plaintiff in error.

D. P. Parker, for defendant in error.

MILLER, J. Motion for a new trial having been filed in due time, same was overruled on December 7, 1917, and the court made the following order in open court, to wit:

"If the bond is furnished and approved in fifteen days that you have a further extension of sixty days to make and serve case-made, ten days in which to suggest amendments, and to be settled upon five days notice."

The journal entry of judgment rendered and entered on the 7th day of December, 1917, makes the following recital, to wit:

" * * * Whereupon the said plaintiff gives in open court notice of appeal to the Supreme Court of the state of Oklahoma, and asked for an extension of time within which to prepare and serve case-made and the court grants an extension of 60 days to make and serve case-made, 10 days to suggest amendments and the same to be settled and signed on five days' notice."

On February 21, 1918, the court made an order extending the time to make and serve case-made.

Held: That the court was without jurisdiction to make the order on the 21st day of February, 1918, and the appeal did not confer jurisdiction upon this court.

"Neither the court nor the judge thereof in vacation, after the time prescribed by the statute or granted by the court within which to prepare and serve a case-made has expired, has power to extend the time fixed by statute or previously granted by the court in which to make and serve a case-made." Soliss v. Davis, 28 Okla. 496, 114 Pac. 609.

There may be a conflict as to the time granted by the trial judge in open court and the recitals in the journal entry of judgment; however, we are not called upon to decide that question and are not expressing any opinion on it.

The order made in open court gives the plaintiff 15 days from December 7, 1917, in which to file her bond and have same approved. This time expired on December 22, 1917. This same order gave a further extension from said date of 60 days to make and serve case-made. This extension of time expired on February 20, 1918. Under the statutory rule for computation of time (Vol. 2, Revised Laws of Okla. 1910, sec. 5341, c. 60, art. 29, entitled "Computation of time") the law reads as follows:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded."

We find that February 20, 1918, was Wednesday.

"It is settled that an order made after the expiration of the time allowed for making and serving a case-made, extending the time for such purpose, is a nullity, and a case-made served out of such time cannot be considered." Lovejoy, Russell & James v. Graham et al., 33 Okla. 129, 124 Pac. 25.

For further authorities see cases cited in Lovejoy v. Graham, supra.

It follows that this proceeding in error must be and is hereby dismissed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.