### HARRISON v. REED et al.

No. 11395—Opinion Filed Feb. 23, 1921.

Rehearing Denied April 19, 1921.

(Syllabus.)

**1. Appeal and Error—Case-made—Order Allowing Time.**

When the court makes an order on a certain day and says "that the plaintiff have and he is hereby given ninety days from and after this date to prepare and serve case-made, * * *" the words "this date" mean the day on which the order was made.

**2. Same—Failure to Prepare and Serve Case-Made—Dismissal.**

Where plaintiff in error fails to make and serve his case-made within the time allowed by statute, or within the time as extended by the court, the same is a nullity, and on motion the appeal will be dismissed.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by Willie Harrison, a citizen of the Seminole Nation, agaist Frank H. Reed and others, to recover certain lands allotted to him as such citizen of the Seminole Nation. Judgment for defendants, and plaintiff brings error. Dismissed.

A. S. Norvell, W. M. Haulsee, and J. Read Moore, for plaintiff in error.

J. W. Wilmott (Wilmott & Roberts, of counsel), for defendants in error.

MILLER, J. This cause is presented on the motion of defendant in error Frank H. Reed to dismiss this appeal for failure to make and serve case-made within the statutory period of time, or within any extension of time allowed by the court.

On the 4th day of November, 1919, judgment was rendered in favor of defendant in error Frank H. Reed, and against plaintiff, Willie Harrison, who is plaintiff in error in this court. For convenience we will refer to Willie Harrison as plaintiff, the same as he appeared in the court below, and our reference to defendant will mean Frank H. Reed, who was one of the defendants in the court below, and the only one against whom this appeal is prosecuted.

Judgment was rendered and motion for new trial overruled on November 4, 1919, and 30 days given in which to make and serve case-made and file supersedeas bond.

On the 8th day of November, 1919, the court made a further order:

"That the plaintiff have and he is hereby given thirty days from and after the time allowed by law to prepare and serve case-made in said cause. * * *"

On November 28, 1919, the plaintiff made the following application for extension of time to make and serve case-made and to file supersedeas bond:

"Comes now the plaintiff in the above entitled cause and makes this, his application for an extension of time to make and serve case-made and. also extension to file supersedeas bond, and for grounds of said application states: .

"That the stenographer has informed him that he will be unable to prepare case-made in said cause within the time heretofore al-

lowed by the court, or the time allowed by law.

."And that he has not had sufficient time to file supersedeas bond in said cause."

. "Wherefore he asks that he be granted an, extension of ninety days to make, prepare and serve case-made in said cause, from and after the time heretofore allowed, and asks an extension of ten days from this date to file supersedeas bond.'

"Dated this the 28th day of November, A. D. 1919."

On the same day. November 28, 1919, pursuant to said application, the judge made the following order:

"Now on this the 28th day of November, 1919, came on to be heard before me, in chambers at Ada, Oklahoma, the application of the plaintiff for an extension of time to make and serve case-made and an extension to file supersedeas bond, and the court being fully advised in the premises is of the opinion that said application should be granted.

"It is therefore considered, ordered and adjudged, that the plaintiff have and he is hereby given ninety days from and after this date to prepare and serve case-made in said cause, and the defendant is given ten days after the service of the case-made upon him to suggest amendments, and the case to be settled upon five days' notice by either party.

"It is further ordered that the plaintiff is given ten days from this date in which to file supersedeas bond."

(This order appears on page 208 of case-made.)

The record shows that the case-made was served on Wilmott & Roberts, attorneys for defendant, Frank H. Reed, on the 28th day of February, 1920.

Plaintiff contends that the motion to dismss depends upon the construction of the words "ths date" as used in the order of November 28, 1919.

If the words "this date" refer to the 28th day of November, 1919. the case-made not having been served until the 28th day of February, 1920, it is manifest the case-made was not served in time and this court did not acquire jurisdiction of this action and the appeal should be dismissed. Cook v. Cook, 79 Okla. 222, 192 Pac. 215; Green v. Kool Kola Co., 79 Okla. 120, 191 Pac. 1036; Durant v. Stanfield, 77 Okla. 112, 186 Pac. 939; Cripple Creek Oil Co. v. King, 76 Okla. 316, 185 Pac. 439; King v. Pool, 49 Okla. 537, 153 Pac. 860; Samuel Dodsworth v. Fulcher, 80 Okla. 96; Folsome v. Billy, 78 Okla. 146, 189 Pac. 188; Parker v. Wadleigh, 43 Okla. 180, 141 Pac. 781.

Plaintiff's contentions are best set forth by quoting from his brief. He sets out a copy of the order made on November 28, 1919, and then states as follows:

"This order finds that 'said application should be granted' and then grants the same in the language set forth in the second paragraph of the order just quoted. If the court, granted the application, as he finds should be done, the order extended the time to make and serve case-made 'ninety days from and after the time heretofore allowed,' as that is the language of the application. We here quote the language of the application, to wit:

"'Wherefore he asks that he be granted an extension of ninety days to make. prepare and serve case-made in said cause, from and after the time heretofore allowed.' Case-made, page 206.

**"The time heretofore allowed** expired on December 4, 1919, and the ninety days' extension carried the time for serving the case-made several days beyond the 28th day of February, 1920, the day on which the same was served. In order to set this out more plainly we will copy the first paragraph of the court's order and insert in parenthesis the reasonable construction of this order:

"'Now on this the 28th day of November, 1919. came on to be heard before me, in chambers at Ada, Oklahoma, the application of the plaintiff for an extension of time to make and serve case-made and an extension to file supersedeas bond, and the court being fully advised in the premises is of the opinion that said application (asking that he be granted an extension of ninety days to make, prepare and serve case-made in said cause; from and after the time heretofore allowed—December 4, 1919 * * *) should be granted.'

"The court's intention and finding was to grant the application in its entirety, if not, the court would not have said, 'is of the opinion that said application should be granted,' and would then have fixed the time as 'ninety days from the date of this order,' or such other time as the court thought proper.

"The defendant in error seeks to construe the words 'this date' as meaning and referring to the date of the order extending the time, and render a nullity of that part of the order which says, 'and the court being fully advised in the premises is of the opinion that said application should be granted,' which can have no other meaning or construction whatsoever except that the plaintiff in error, 'be granted an extension of ninety days to make, prepare and serve case-made in said cause, from and after the time heretofore allowed,' i. e., from and after December 4, 1919. The last date referred to in the order preceding the words 'this date' is the finding that the request for the ninety days' extension from December 4, 1919, should be granted. With these facts before us it is simply a matter of law whether the words in the order 'this date'

refer to December 4, 1919, the last mentioned time, or to November 28, 1919, the date of the order itself, and the more· remote date from the words in the order 'this date.' The law has already been too long settled on this proposition to need much quoting here.

"Webster's International Dictionary defines the word 'this' as follows: 'This 1. As a demonstrative pronoun, this denotes something that is present or near in place of time, or something just mentioned, or that is just about to be mentioned. 2. As an adjective, this has the same demonstrative force as the pronoun.'

"The New Revised Encyclopaedic Dictionary goes more fully into the meaning and application and gives it thus: 'This. 1. Used to denote something that is present or near in place of time, or that has just been mentioned. 2. "This" is frequently used as a substitute for what has preceded: as "when they heard this, they were pricked in their hearts." Acts ii, 37. When used in reference to things spoken of, this refers to that last mentioned; and Shakespeare used the phrase "this even," "this night," in the sense of last even, last night. "My troublous dream this night doth make me ·sad." 2 Henry VI, i. 2.'

"The Cyclopedia of Law and Procedure defines the meaning as follows: 'This, a word, which when referring to the things before mentioned refers to the things last mentioned,' 38 Cyc., page 286.

"Words and Phrases tells it to us in the same manner, viz.: 'This. When "this" and "that" refer to different things, before expressed, "this" refers to the thing last mentioned, and "that" to the things first mentioned.' Vol. 8, page ·6961.

"Rawle's Third Revision of Bouvier's Law Dictionary, vol. 3, page 3270, reads as follows: ' "This." When referring to different things before expressed, "this" refers to the thing last mentioned, and "that" to the thing first mentioned. Russell v. Kennedy, 66 Pa. 251. It is a simple word of relation and its ordinary grammatical meaning will not be extended so as to 'include something else than that to which it relates. 14 Q. B. D. 720.' "

This appears to us to be a forced and unnatural ·construction, with which we cannot agree. In order to get this construction, plaintiff seeks to put things in the court's order that the court did not put there. In effect, he writes a new court order. His own use of the word "this" in his brief shows the fallacy of the construction plaintiff seeks to put on it. The first line of the brief reads:

"Defendant in error has filed his motion to dismiss for the reason **this court** is without jurisdiction."

Under plaintiff's attempted unnatural, construction we would be at a loss to know what court he was referring to, but no·one would contend that plaintiff had reference to any other court than the Supreme Court of the state of Oklahoma.

We again quote from the first part of the second paragraph of the· brief of plaintiff as follows:

"This question of jurisdiction resolves itself into the construction of the order extending time to serve case-made shown on page 208 of the case-made, i. e., whether·.or not **this order** extends the· time ninety days from the date of the order itself or ninety days from the time already allowed by the court. * * *"

(The order shown ·on page 208 of case-made is the order made on the 28th day ·of November, 1919.)

Plaintiff should have advised this court what construction should be placed on the words "this order"; whether we should construe it as it is used in the every day affairs of life, or should we give it the unnatural construction he contends for.

We now refer to the part of the brief of plaintiff that has been first set out herein. After quoting the order copied from page 208, case-made, the first words used in plaintiff's brief are "this order," and the paragraph reads as follows:

"This order finds that **'said application should be granted,'** and then grants the same in the language set forth in the second paragraph of the order just quoted."

Again we are constrained to ask counsel for plaintiff what order he means when he uses the phrase "this order."

A little further down in the brief, plaintiff makes this statement: "In order to set **this out** more plainly we will copy the first paragraph of the court's order and insert in parenthesis the reasonable construction ,of **this order.**" We should have been advised how to construe the word "this" so . we would know what order he referred to when he said **this order,** and what he was setting out more plainly when he said he would set **this out.**

Counsel for plaintiff has used the word "this" too often in his brief· and used it in such a way that if the usual construction were not placed upon it, the words used would not make sense. But plaintiff has already construed the phrase "this date," for the last paragraph of the order made November 28, 1919, reads as follows:

"It is further ordered that the plaintiff is given ten days from **this date** in which to file supersedeas bond."

We find from the case-made, page 210, that plaintiff filed supersedeas bond on December 6, 1919. The words "this date," used in the last paragraph of the order, evidently mean the same as the words **"this date"** used in the preceding paragraph of the order.

We agree with the definitions set out in the brief of plaintiff. These definitions do not conflict with the construction placed upon the words "this day" in the case of Tanner v. Moore, 15 Law J.. N. S. Q. B. **391:**

"Here the words 'this day' may mean at a future period of this day, or at this time; they are frequently used by many persons to mean 'now'."

In the case of Goldshede v. Swan, 1 Exch. 154 the court defines the words **"this day"** as follows:

"The expression 'this day' may mean something which has been done or which is to be done this **day.**"

"The agreement acknowledges the receipt of $5 as part payment for '2,000 sacks B. Bank at 42½ per sack, delivered f. o. b. on Bank, all of which goods I have this day sold to said Erlanger & Galinger.' The words 'this day sold' mean a present sale. * * *" Yick Sung v. Herman (Cal.) 83 **Pac. 1089.**

Plaintiff seeks to inject a part of his application into the order made by the court. The court granted the application by extending the time to make and serve a case-made and to file supersedeas bond; but it fixed the limits of that time. The order is free from ambiguity, plain, simple, and complete in and of itself; therefore we cannot inject something else into the order.

When the court made the order on November 28, 1919, and said "that the plaintiff have and he is hereby given ninety days from and after **this date** to prepare and serve case, * * *" the words "this date" as therein used mean the day on which the order was made to wit, the 28th day of November, 1919.

The case-made was not served within the extension of time granted. It therefore follows that this court did not acquire jurisdiction to hear and determine this cause, and the appeal is hereby dismissed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.