## BASS v. DOWD.

No. 10085—Opinion Filed April 19, 1921.

(Syllabus.)

**Appeal and Error—Case-Made—Validity—Extension of Time.**

An order extending the time for making and serving a case-made, made after the ex-

piration of the time fixed by former order of the court or trial judge, is void.

(a) A case-made made and served within the time fixed by such void order is a nullity, and cannot be considered as such by this court. Tanner v. Crawford, 80 Okla. 183, 195 Pac. 138.

Error from County Court, Bryan County; Lewis Paullin, Judge.

Action by N. Dowd against Amos K. Bass. Judgment for plaintiff, and defendant brings error. Dismissed.

John L. Boland, for plaintiff in error.

J. B. Maxey, for defendant in error.

MILLER, J. In this action the jury returned a verdict in favor of the plaintiff, and the court rendered judgment on the verdict. Motion for a new trial was filed by the defendant, and on the 20th day of March, 1918, the same was overruled. A part of the order overruling the motion for new trial reads as follows:

"Thereupon, the defendant prays an appeal to the Supreme Court, which appeal is allowed, and the defendant is granted sixty days from and after this date in which to prepare and serve a case-made on the plaintiff."

Under this order the time expired on May 19, 1918. Thereafter, and on the 20th day of May, 1918, on the application of Amos K. Bass, defendant in the court below, the court granted an extension of 30 days' time for defendant, Amos K. Bass, in which to perfect case-made. The case-made was served on the attorney for N. Dowd, plaintiff in the court below, on June 19, 1918.

Held, That the court was without jurisdiction to make the order extending the time to make and serve case-made on the 20th day of May, 1918, time having expired on May 19, 1918, and the appeal did not confer jurisdiction upon this court. Tanner v. Crawford, 80 Okla. 183, 195 Pac. 138; Lovejoy, Russell & James v. Graham et al., 33 Okla. 129, 124 Pac. 25; Soliss v. Davis, 28 Okla. 496, 114 Pac. 609.

It follows that this proceeding must be, and is hereby, dismissed.

HARRISON, C. J., and KANE, JOHNSON, and KENNAMER, JJ., concur.