## BOWERS et al. v. LAWRENCE.

No. 13294—Opinion Filed Dec. 12, 1922.

(Syllabus.)

### Appeal and Error—Case-Made—Time—Dismissal.

Where the plaintiff in error fails to make and serve his case-made within the time as extended by the order of the court, and fails to obtain an extension of time within such time previously granted, the case-made thereafter prepared, although it may be settled and signed by the trial judge, is a nullity and confers no jurisdiction on this court to hear and determine the errors complained of, and on motion, the appeal will be dismissed.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Merle Goldie Lawrence against Frank Bowers et al. to cancel a certain deed of conveyance. Verdict and judgment for the plaintiff, and defendants appeal. Appeal dismissed.

G. T. Ralls for plaintiffs in error.

Selby & Callihan, for defendant in error.

MILLER, J. Motion for a new trial having been filed in due time, same was overruled on October 31, 1921, and the court made an order giving defendants below, plaintiffs in error here, 90 days in which to prepare and serve a case-made.

Thereafter an order extending the time in which to make and serve a case-made was made and entered by the trial court, which order, omitting the caption, reads as follows:

"On this the 31st day of January, 1922, it appearing to the undersigned judge of the said court, upon application of the defendant that the time heretofore granted herein within which said defendant could make and serve a case-made on appeal to the Supreme Court in the said cause, which said extension of time expires January 31, 1922, has been insufficient, it is hereby ordered by the court that a further extension of 30 days from the said 31st day of January, 1922, be granted to the said defendant to make and serve a case-made on appeal to the Supreme Court in this cause, 10 days to suggest amendments, and 5 days to give notice.

"Witness my hand this 31st day of January, 1922, at Atoka, Oklahoma.

"J. H. Linebaugh, Judge of Said Court."

Thereafter other extensions of time were granted by the trial court, and the petition in error, with case-made attached, was filed in this court on May 1, 1922. The defendant in error filed a motion to dismiss the appeal because the extension of time granted on January 31, 1922, was not made within 90

days theretofore allowed by the court for making and serving a case-made, and therefore the case-made is a nullity.

Pending the hearing of this motion, the plaintiff in error asked for an order of this court permitting the case-made to be withdrawn for correction. That request was granted, and the case-made was withdrawn and returned to this court, but it does not appear that any correction was made, and the orders above referred to are as they now appear in the record. Under this state of facts, the motion to dismiss must be sustained.

The motion for a new trial was overruled on October 31, 1921, and 90 days were given in which to make and serve a case-made. Under the rules for computation of time, excluding the 31st day of October, the 90 days expired on January 29, 1922. The next order extending time does not purport to have been made until on the 31st day of January, 1922, which was after the expiration of the 90 days theretofore allowed. After said 90 days had expired and no other order or extention had been granted, neither the court nor the judge thereof in vacation had any jurisdiction, power, or authority to make an order which would extend the time for making and serving the case-made, and any such purported order is void, the case-made a nullity, and the appeal pursuant thereto does not confer any jurisdiction on this court to hear and determine the same. Soliss v. Davis, 28 Okla. 496, 114 Pac. 609; Lovejoy, Russell & James v. Graham et al., 33 Okla. 129, 124 Pac. 25; Tanner v. Crawford, 80 Okla. 183, 195 Pac. 138; Harrison v. Reed, 81 Okla. 149, 197 Pac. 159.

For the reasons stated, the appeal is hereby dismissed.

HARRISON, C. J., and JOHNSON, McNEILL, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.