**HANCOCK et al. v. SECURITY NAT. BANK.**

No. 15076—Opinion Filed May 13, 1924.

(Syllabus.)

**Appeal and Error—Case-Made—Invalid Extensions—Dismissal.**

An order of the court purporting to grant an extension of time within which to make and serve a case-made for appeal to the Supreme Court, made after the expiration of the time formerly allowed to serve such case-made, is a nullity, and confers no jurisdiction on this court to hear and determine errors presented by such case-made and where the errors complained of could only be presented by case-made, the appeal will be dismissed.

Error from Common Pleas Court, County of Tulsa; Font L. Allen, Judge.

Action by the Security National Bank of Tulsa against R. L. Hancock and another. Judgment for plaintiff, and defendants bring error. Dismissed.

Fulling & Harbison, for plaintiffs in error.

West & Petry, for defendant in error.

NICHOLSON, J. This case is before us on the motion of the defendant in error to affirm the judgment of the trial court, and for judgment on the supersedeas bond.

It appears from the record that the motion for a new trial was overruled on October 16, 1923, and the defendants were on that day granted an extension of 30 days from that date within which to prepare and serve a case-made. The case-made was not served within this time, and on November 16, 1923, an order was made granting 15 days additional time within which to prepare and serve the same. The case-made was served on November 28, 1923. The extension of November 16, 1923, was granted after the time allowed by the previous extension had expired, and the trial court was without jurisdiction to grant such subsequent extension, and the same is a nullity. Bowers et al. v. Lawrence, 88 Okla. 31, 210 Pac. 1023; Hoggard v. Convervative Loan Co., 101 Okla. 14, 222 Pac. 674.

While the case-made is certified as a transcript, no question is presented by the petition in error which could be brought here by transcript; therefore, this court is without jurisdiction of the appeal, and, being without jurisdiction, cannot render judgment on the supersedeas bond.

The appeal will be dismissed.

JOHNSON, C. J., and McNEILL, HARRISON, and BRANSON, JJ., concur.