**PETTY et al. v. FOSTER et al.**

No. 17552—Opinion Filed Jan. 18, 1927.

(Syllabus.)

1. **Appeal and Error—Time for Case-Made —Order Allowing 20 Days from "This Date."**

When the court makes an order on a certain day and says: "And the plaintiffs are given and allowed 20 days from this date in which time to prepare and serve case-made, * * *" the words "this date" mean the day on which the order was made.

2. **Same—Invalidity of Order of Extension.**

An order extending the time for making and serving case-made, made after the expiration of the time fixed by a former order of the court or trial judge, is void.

3. **Same—Case-Made a Nullity—Dismissal.**

Where plaintiff in error fails to make and serve his case-made within the time allowed by statute or within the time as extended by the court, the same is a nullity and on motion the appeal will be dismissed.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Injunction by J. D. Petty et al. against H. H. Foster et al. Judgment for defendants, and plaintiffs appeal. Appeal dismissed.

D. D. Brunson, for plaintiffs in error.

Trice & Davison, for defendants in error.

PER CURIAM. In the trial court plaintiffs in error sought an injunction against the defendants. The injunction was denied. Motion for new trial was overruled on March 15, 1926, notice of appeal given in open court, and upon request of plaintiffs. time was given in which to make and serve case-made. That part of the order giving time to make and serve case-made is as follows:

"And the plaintiffs are given and allowed 20 days from this date in which time to prepare and serve case-made in this cause."

Thereafter, on April 5, 1926, the trial court made an order extending the time 15 days in which to make and serve case-made in addition to the time heretofore allowed.

The case-made was served on April 21, 1926. The right to suggest amendments was given, and notice of settlement was served by the parties thereto, and the case-made was settled and signed on April 26, 1926, and the appeal filed in this court on June 22, 1926.

Defendants in error have filed in this court a motion to dismiss this appeal for the reason that no final judgment or order upon which an appeal can be based is contained in the record.

The record contains the following from the civil journal of the proceedings of the trial court in this cause:

"On this 18th day of February, 1926, injunction is denied; plaintiff excepts to the finding of the trial court and notice of appeal is given."

On this ground the defendants in error's motion to dismiss is denied, but the attention of the court is called to the fact that the case-made was not served within the time required by law or order of the trial court.

The order of the trial court made on March 15, 1926, took effect on the day it was made and expired on the 4th day of April, 1926.

In the case of Harrison v. Reed. 81 Okla. 149, 197 Pac 159, in construing a like order, this court said:

"When the court made the order * * * and said, 'that the plaintiff have and he is hereby given 90 days from and after this date to prepare and serve case,* * *' the

words 'this date' as therein used mean the day on which the order was made."

The order made on April 5, 1926, attempting to extend the time for 15 days thereafter in which to make and serve the case, was void, for the reason that said order was made after the expiration of the time fixed in the former order.

In the case of Bass v. Dowd, 81 Okla. 212, 197 Pac. 513, wherein the order extending time expired on May 19, 1918, and thereafter on May 20, 1918, on application, the court made an order extending the time 30 days, it was held:

"That the court was without jurisdiction to make the order extending the time to make and serve case-made on the 20th day of May, 1918. time having expired on May 19, 1918, and the appeal did not confer jurisdiction upon this court. Tanner v. Crawford, 80 Okla. 183, 195 Pac. 138; Lovejoy v. Graham, 33 Okla. 129, 124 Pac. 25; Soliss v. Davis, 28 Okla. 496, 114 Pac. 609."

But, even though the order made on April 5, 1926, had been a valid order and extended the time to April 20, 1926, the case-made was not served until the 21st day of April, 1926, which was one day after the time in which to serve the same, and is therefore a nullity.

"Where plaintiff in error fails to make and serve a case-made within the time allowed by statute, or within the time as extended by the court, the same is a nullity and on motion the appeal will be dismissed." Harrison v. Reed. supra.

The case-made was not served within the time required by law or within the time fixed by any valid order of the court. Therefore, this appeal is dismissed.

Note.—See under (1) 4 C. J. p. 352, §1996. (2) 4 C. J. 350. §1991; anno. 42 L. R. A. (N. S.) 623; 2 R. C. L. p. 159. (3) 4 C. J. p. 353, §1997.