**SHINN et al. v. OKLAHOMA CITY BLDG. & LOAN ASS'N.**

No. 18792.    Opinion Filed Feb. 7, 1928.

Rehearing Denied April 17, 1928.

(Syllabus.)

1. **Appeal and Error—Necessity for Record of Ruling on Motion for New Trial.**

Where the record does not contain an order of the court overruling a motion for new trial, a mere recital (in the case-made) that the motion for new trial was in fact overruled and exceptions allowed, is insufficient in the absence of such order, and there is nothing properly before this court for review.

**2. Appeal and Error—Case-Made—Invalidity of Order Extending Time Beyond Six Months.**

An order made by the trial court extending the time for making, serving, and settling a case-made beyond the period of six months within which an appeal may be had is a nullity.

**3. Same—Invalidity of Order of Extension Made After Expiration of Time Formerly Fixed.**

An order extending the time for making and serving case-made, made after the expiration of the time fixed by a former valid order of the court or trial judge, is void.

**4. Same—Dismissal Where Case-Made not Prepared and Served Within Legal Time.**

Where plaintiff in error fails to make and serve his case-made within the time allowed by statute or within the time as extended by a valid order of the court, the same is a nullity and on motion the appeal will be dismissed.

**5. Same—Invalid Case-Made not Certified as Transcript.**

Where the case-made is a nullity because not served within the time allowed by law or any valid order of the court, the same cannot be considered as a transcript where it is not certified to as such by the clerk o fthe trial court.

Error from District Court, Oklahoma County; Lucius Babcock, Judge.

Action between Alice Shinn et al. and the Oklahoma City Building & Loan Association. From the judgment, the former appeal. Dismissed.

O. T. Shinn, for plaintiffs in error.

Raymond Everest and Everest, Vaught & Brewer, for defendant in error.

PER CURIAM. Judgment was rendered in the above-entitled cause against the plaintiffs in error, who were defendants below, on the 16th day of March, 1927. Thereafter, on the 19th dav of March, 1927, the defendants filed the'r motion for a new trial. The appeal is by petition in error with case-made attached. The case-made filed in this court does not contain an order of the trial court overruling the motion for new trial, the only showing made that the motion for new trial was in fact overruled is by mere recital in the case-made to that effect.

This court has held that where the record does not contain an order of the court overruling the motion for new trial, a mere recital in the case-made that the motion was in fact overruled and exceptions allowed is insufficient to bring the alleged errors before this court for review, and in the absence of such an order there is nothing properly before the court. Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067; City of Tulsa v. Kay, 124 Okla. 243, 255 Pac. 684. Defendants have responded to this motion to dismiss in this cause and cite the case of St. Louis & S. F. Ry. Co. v. Taliaferro, 58 Okla. 585, 160 Pac. 610, to support the recital in the case-made that the motion for new trial was overruled, as sufficient. That case is easily distinguished from the case at bar and the cases above cited for the reason the court had before it at that time the question of the necessity of the case-made to affirmatively show orders extending time in which to make and serve case-made were of record in the journal of the trial court, orders which this court is not required to review upon the merits of the case, and for that reason the rules of procedure laid down in that case do not apply to the case before us.

Another reason assigned in the motion to dismiss the appeal in this case is that the case-made was served after the time allowed by law or any valid order of the court had expired, and the case-made therefore is a nullity. An order was made by the trial court on the 31st day of March, 1927, extending the time in which to make and serve case-made for a period of 60 days, which extended the time in which to make and serve case-made to June 14, 1927. On May 26, 1927, an order was made extending the time before granted 60 days; this order expired on August 13. 1927: on July 21, 1927, a further extension of 30 days was allowed by the trial court; this order expired on September 12, 1927. and on August 26, 1927. the court granted a further extension of time of 23 days in which to make and serve case-made. This order extended the time beyond the six months' time allowed by law in which to perfect this appeal, which expired on September 30, 1927, and for that reason this order is void. State Exchange Bank v. National Bank of Commerce, 70 Okla. 220, 169 Pac. 482. On the 19th day of September, 1927, an order was made further extending the time 20 days, but on the 20th day of September, 1927, an order was made setting aside and striking from the files this last-mentioned order and an extension of 4 days in which to make and serve case-made was made. The order of the court made on the 20th day of September, 1927, extending time is void for the reason that the same was not made within

the time allowed by any valid order of the court in which to make and serve case-made. Petty v. Foster, 122 Okla. 152, 252 Pac. 836; Bass v. Dowd, 81 Okla. 212, 197 Pac. 513; Tanner v. Crawford, 80 Okla. 183, 195 Pac. 138. As above stated, the time in which to serve case-made, as extended by valid orders of the court, expired on September 12, 1927. The case-made was served upon the defendant in error on the 24th day of September, 1927, 12 days after the time allowed by a valid order of the court had expired. For this reason the case-made is a nullity and brings nothing before this court for review. Petty v. Foster, supra; Harrison v. Reed, 81 Okla. 149, 197 Pac. 159.

The purported record filed in this appeal is not certified by the clerk of the trial court as a transcript, and therefore cannot be considered as such. Dickerson v. Botchleott, 122 Okla. 252, 254 Pac. 80; State Bank v. Weaber, 125 Okla. 186, 256 Pac. 50. The case-made being a nullity and the purported record not being certified by the clerk of the trial court, there is nothing before this court for review, and the appeal is hereby dismissed.

Note.—See under (1) 4 C. J. p. 555, §2363 (Anno). (2) 4 C. J. p. 350, §1992.. (3) 4 C. J. p. 350, §1991. (4) 4 C. J. p. 353, §1997. (5) 4 C. J. p. 441, §2154.