## JONES v. BLANTON.

No. 19158. Opinion Filed April 10, 1928.

(Syllabus.)

1. **Appeal and Error—Case-Made a Nullity Where not Made and Served Within Time Allowed.**

Where plaintiff in error fails to make and serve case-made within the time allowed by statute or within the time as extended by the court, the same is a nullity and brings nothing before this court for review.

2. **Same—Dismissal of Appeal Where Petition in Error not Filed Within Six Months.**

Where petition in error is not filed in this court until after the expiration of six months from the date of the final judgment or order complained of, this court has no jurisdiction over the subject-matter and the appeal will be dismissed.

Error from County Court, Carter County; Arthur Grunert, Judge.

Action between G. T. Jones and Mary D. Blanton. From the judgment, the former brings error. Dismissed.

N. E. Ticer, for plaintiff in error.

Davis & McCade, for defendant in error.

PER CURIAM. This cause comes from the county court of Carter county. The defendant in error has filed herein her motion to dismiss the appeal for the reason the case-made was not served on her within the time required by law or by order of the trial court, and urges that the motion for new trial was overruled on the 19th day of August, 1927, at which time, and subsequent thereto, extensions of time in which to make and serve case-made were allowed to a total of 167 days, making the time in which to serve case-made expire on February 2, 1928. The case-made was not served until February 6, 1928, four days after the time therefor had expired.

The plaintiff in error has responded to the motion to dismiss, and claims the motion for new trial was not in fact overruled until October 14, 1927. The record in this case discloses that the judgment was rendered on August 11, 1927. On August 13, 1927, plaintiff in error filed his motion for new trial, which was overruled, as shown by the

order of the court incorporated in the record, on August 19, 1927. We find August 19, 1927, the correct date upon which the motion for new trial was overruled, and for that reason, and for the further reason that on that date the plaintiff in error filed in the trial court his supersedeas bond and obtained 60 days in which to make and serve case-made, as shown by the order overruling the motion for new trial, and which time would expire on October 18, 1927. On October 17, 1927, he obtained a further extension of 107 days. We cannot understand why a supersedeas bond would be filed before their motion for new trial was overruled, which would be true in this case if the motion for new trial was not in fact overruled until October 14, 1927; nor can we see any reason why the plaintiff in error would obtain an extension of 107 days' time to serve case-made within three days after he had obtained an extension of 60 days, with 57 days yet to run. The plaintiff in error attempted to get this record corrected to show the motion for new trial was in fact overruled on October 14, 1927. The trial court refused to make this correction, but at the hearing therefor on February 18, 1928, the court attempted to extend plaintiff in error's time to serve case-made to February 23, 1928, and so ordered. This order is void for the reason it was not made until after the expiration of the former order, February 2, 1928. Petty v. Foster, 122 Okla. 152, 252 Pac. 836; Tanner v. Crawford, 80 Okla. 183, 195 Pac. 138.

The time for serving case-made expired February 2, 1928. The case-made was served on February 6, 1928, four days after the time therefor had expired, and is therefore a nullity. Petty v. Foster, supra; Harrison v. Reed, 81 Okla. 149, 197 Pac. 159. The motion for new trial being overruled on August 19, 1927, the time in which to file this appeal expired February 19, 1928. The petition in error with case-made attached was filed in this court February 24, 1928, five days after the time allowed by law in which to file proceedings in error had expired. Verschoyle v. McDaniels, 127 Okla. 166, 260 Pac. 55; Gilmore v. Smith, 93 Okla. 4, 219 Pac. 92. Other grounds are assigned in defendant in error's motion which we deem unnecessary to notice. For the reasons herein set forth, this appeal is hereby dismissed.

Note.—See under (1) 4 C. J. p. 346, §1986; 2 R. C. L. p. 158. (2) 3 C. J. p. 1081, §1091.