## ROURKE v. BEVIS et al.

No. 20074. Opinion Filed April 9, 1929.

J. O. Whiteside, for plaintiff in error.

Mont F. Highley and L. D. Threlkeld, for defendants in error.

PER CURIAM. This is an appeal from the judgment of the district court of Oklahoma county rendered on the 29th day of

 

June, 1928, in favor of the defendants in error and against the plaintiff in error. The motion for new trial filed in said cause was overruled on the 7th day of July, 1928, at which time the plaintiff in error gave notice of appeal and procured an order of the court extending the time 60 days from that date in which to make and serve case-made. The time thus extended in which to make and serve case-made expired on the 5th day of September, 1928. Thereafter, on the 6th day of September, 1928, the trial court made an order extending the time in which to make and serve case-made; various other orders extending such time were thereafter made. The case-made was served on the 3rd day of January, 1929.

The defendants in error have filed in this court their motion to dismiss the appeal for the reason the case-made was not served within the time allowed by law or any valid order of the court extending the time therefor; it being the contention of the defendants in error that the order made on September 6, 1928, extending the time in which to make and serve case-made is void for the reason it was not made until after the time given in previous orders had expired.

The trial court was without jurisdiction to make the order of September 6, 1928, for the reason the time extended in the order made on July 7, 1928, had expired, and such order is void. Petty et al. v. Foster, 122 Okla. 152, 252 Pac. 836; Tanner v. Crawford. 80 Okla. 183, 195 Pac. 138; Lovejoy v. Graham, 33 Okla. 129, 124 P. 25.

The plaintiff in error has responded to the motion to dismiss and urges that the first order extending time to make and serve case-made began to run at the expiration of the statutory 15-day period, and that in this case the trial court had jurisdiction until September 20, 1928, in which to make an order extending the time.

It is observed that the order of the trial court made on the 7th day of July, 1927, contains this language, "It is ordered that an extension of 60 days from this date be granted said defendant to make and serve case-made." This court in the case of Petty et al. v. Foster et al., supra. held that the words "this date," incorporated in an order extending time in which to make and serve case-made. mean the day on which the order was made. See, also, Harrison v. Reed, 81 Okla. 149, 197 Pac. 159.

Where plaintiff in error fails to make and serve case-made within the time allowed by statute or within the time as extended by valid order of the court, such case-made is a nullity and brings nothing before this court for review. Shinn v. Oklahoma City Building & Loan Ass'n, 130 Okla. 173, 266 Pac. 435; Jones v. Blanton, 130 Okla. 200, 266 Pac. 438; Petty v. Foster, 122 Okla. 152, 252 Pac. 836.

The case-made, not having been served within the time allowed by law or within the time extended by valid order of the court, is a nullity and brings nothing before this court for review, and the appeal is dismissed.