## MABEN v. TULSA MOTOR SECURITY CORP.

No. 21821.    Opinion Filed Jan. 6, 1931.

Rehearing Denied June 9, 1931.

Frank Leslie, for plaintiff in error.

J. C. Pinkerton and Hess Crossland, for defendant in error.

PER CURIAM. This is an appeal from an order and judgment of the court of common pleas of Tulsa county made and entered on the 19th day of April, 1930, in an action wherein plaintiff in error was defendant, and from which order and judgment defendant appeals.

At the time of the making of the order appealed from an order was made giving the defendant 30 days in which to make and serve case-made. Subsequent orders were made extending such time, and on the 19th day of July, 1930, an order was made extending the time to make and serve case-made 20 days from that date. The time as allowed by the order of July 19, 1930, expired on August 8, 1930. On August 9, 1930, without notice to the opposite party as required by section 789, C. O. S. 1921, an order was made extending the time to serve case-made 5 days from August 9, 1930. Thereafter other orders were, without notice to the opposite party, made extending the time for serving case-made. The case-made was served on the defendant in error on September 27, 1930, and was settled and signed October 9, 1930. The certificate of the trial judge to the case-made recites the case-made was duly made and served within the time fixed by the order of the court and in the time, manner, and form provided by law.

The defendant in error has filed its motion to dismiss the appeal upon the grounds the case-made is a nullity and brings nothing before the court for review for the reason the order made on August 9, 1930, extending the time in which to make and serve case-made is void, the same having been made after the expiration of the time allowed by law and the previous orders of the court in which to serve case-made.

An order extending the time for making and serving case-made, made without notice and after the expiration of the time fixed by a former valid order of the court or trial judge, is void. Shinn v. Oklahoma City Building & Loan Ass'n, 130 Okla. 173, 266 Pac. 435; Petty v. Foster, 122 Okla. 153, 252 Pac. 836; Nonnamaker v. Lively, 96 Okla. 149, 220 Pac. 926; Bass v. Dowd, 81 Okla. 212, 197 Pac. 513. The order made on August 9, 1930, having been made after the expiration of the time allowed in previous orders, was void and did not extend the time in which to serve case-made. The case-made served on September 27, 1930, not within the time allowed by law or a valid order of the court, is a nullity, and brings nothing before the court for review. Shinn v. Oklahoma City Building & Loan Ass'n, supra; Petty v. Foster, supra; Harrison v. Reed, 81 Okla. 149, 197 Pac. 159. The purported record presented clearly shows the recital in the certificate of the trial judge that the case-made had been duly served within the time fixed by order of the court is erroneous, and in such case the record will control. Town v. Crawford, 106 Okla. 254, 234 Pac. 208.

The case-made attached to the petition in error in this cause is a nullity and brings nothing before this court for review, and

for that reason there is nothing before this court for review.

The appeal is dismissed.