**HALL v. HARNAGE, County Treas.**

No. 21561. Opinion Filed Feb. 3, 1931.

Rehearing Denied Feb. 24, 1931.

Stone, Moon & Stewart, for plaintiff in error.

S. H. Lattimore, Co. Atty., and William B. Moore, City Atty., for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Muskogee county rendered on the 30th day of January, 1930, in an action wherein the plaintiff in error was plaintiff. The motion for new trial was overruled February 1, 1930, and the time in which to serve case-made was extended 60 days from that date. On April 1, 1930, by order of the court, the time to serve case-made was extended 60 days from that date. On May 30, 1930, the time in which to serve case-made was by order of the court extended 30 days from that date. No further orders extending such time were made.

The case-made was served upon the defendant in error on June 30, 1930, and the certificate of the trial judge recites that, "Upon examination of the said case-made I find that same has been duly prepared and served upon the defendant herein within the time allowed by law and by the orders of the court."

The time in which to serve case-made, as extended by order of the court May 30, 1930, expired on June 29, 1930. The case-made served June 30, 1930, was not served within the time allowed by law or a valid order of the court, is a nullity, and brings nothing before this court for review. Shinn v. Oklahoma City Building & Loan Ass'n, 130 Okla. 173. 266 Pac. 435; Petty v. Foster, 122 Okla. 153. 252 Pac. 836; Harrison v. Reed. 81 Okla. 149, 197 Pac. 159.

The purported record presented clearly shows the recital in the certificate of the trial judge, that the case-made had been duly served within the time allowed by law and by order of the court, is erroneous, and in such case the record will control. Town v. Crawford, 106 Okla. 254, 234 Pac. 208.

For the reason there is nothing before this court for review, the appeal is dismissed.

Note.—See under (1) anno. 42 L. R. A. (N. S.) 623; 2 R. C. L. p. 159; R. C. L. Perm. Supp. p. 352.