## McGREW et ux. v. LAND.

No. 22103. Opinion Filed Jan. 19, 1932.

Rehearing Denied Feb. 9, 1932.

Clifford W. Clift and E. E. Blake, for plaintiffs in error.

Everest, Dudley & Brewer and John Halley, for defendant in error.

PER CURIAM. This case is presented on motion of the defendant in error to dismiss the appeal. It appears from the record that judgment was rendered in the district court of Oklahoma county, on the cross-petition of the defendant in error and answer thereto, in favor of the defendant in error and against the plaintiffs in error, on August 15, 1930, and motion for new trial was filed and overruled on the following day, August 16, 1930, and on said date the trial court made an order granting plaintiffs in error 90 days

in which to prepare and serve case-made, 3 days to suggest amendments and 3 days for settlement; that the judgment rendered and the order overruling motion for new trial and granting time for service of case-made were all included in the same journal entry, and that said journal entry was not filed in the case until August 27, 1930; on November 19, 1930, and 95 days subsequent to the 16th day of August, 1930, a second order purporting to grant 30 days additional time for service of case-made was made and entered; on the 15th day of December, 1930, a further order purporting to grant 30 days additional time was made and filed; that another order was made on the 14th day of January, 1931, purporting to grant 25 days additional time within which to serve case-made, with 3 days for amendments and 3 days for settlement; that case-made was served on the defendant in error February 12, 1931, signed and settled by the trial judge February 15, 1931, and after filing in the trial court petition in error with case-made attached was filed in this court February 16, 1931.

Plaintiffs in error contend that, from the wording of the journal entry, this court must conclude that the order overruling motion for new trial and granting 90 days to serve case-made was made and entered on August 27, 1930, the date of filing the journal entry, and that therefore the order made on November 19th purporting to grant 30 days additional time, was made within the first 90-day period, but we think that such contention is without merit. That portion of the journal entry pertaining to the overruling of the motion for new trial and granting time in which to serve case-made reads as follows:

"* * * Thereupon the defendants filed a motion for new trial on August 16, 1930, and the court having examined said motion for new trial and having heard argument of counsel in support thereof, and in opposition thereto, finds that said motion is not well taken but should by right be overruled and denied and said motion for new trial is by the court overruled and denied; * * * and the court granted said defendants 90 days in which to make and serve case-made with 3 days to suggest amendments, said case-made to be signed and settled by the judge upon 3 days' notice to be given by either party."

The only reasonable construction to be placed on this language is that the motion for new trial was filed on August 16, 1930, and on the same day the trial court heard and considered the motion and entered its order overruling it and at the same time granted 90 days to serve case-made; and in this the journal entry coincides with the

minutes of the clerk as shown by the recital at page 151 of the case-made. The day on which a judgment or order is rendered by the court fixes the date of such judgment or order, and not the time of filing the journal entry thereof.

The 90-day period for preparing and serving case-made having expired on November 14, 1930, the order of November 19, 1930, purporting to grant 30 days additional time, was void. The trial court was without jurisdiction to make the order of November 19, 1930. Brittain v. Lorett, 85 Okla. 49, 204 P. 438; Petty v. Foster, 122 Okla. 152, 252 P. 836; Rourke v. Bevis, 136 Okla. 76, 276 P. 482.

Where plaintiff in error fails to make and serve case-made within the time allowed by law or within the time as extended by valid order of the court, such case-made is a nullity and brings nothing before this court for review. Jones v. Blanton, 130 Okla. 200, 266 P. 438; Petty v. Foster, supra.

The petition in error contains no assignment of error that can be considered on transcript. In view of the state of the record before us, other questions raised by the motion and response thereto need not be here considered.

The case-made, not having been served within the time allowed by law or within the time granted by valid order of the court, is a nullity; the motion to dismiss is sustained and the appeal dismissed.