## UNITED MINING & MILLING CO. v. FIRST NAT. BANK OF DAVIS.

No. 21866.   March 27, 1934.

Rehearing Denied April 17, 1934.

R. E. Bowling, for plaintiff in error.

E. B. Lykins, Jno. T. Young, and John C. Powell, for defendant in error.

PER CURIAM. This is an appeal from an order of the district court of Murray county made on the 30th day of September, 1929, overruling plaintiff in error's objections to the confirmation of a sheriff's sale made under order of attachment and confirming the sale. The objection urged against the confirmation of said sale was that the court had no jurisdiction to confirm the sale for the reason that the judgment is void on its face—that at the time of the sale a motion was on file and pending in the case calling the attention of the court to its lack of jurisdiction.

It appears from the record that on March 23, 1929, the plaintiff in error filed its motion to vacate the judgment rendered against it on the 7th day of February, 1929, for the reason that said judgment is void on its face, in that an inspection of the judgment roll will show that the court had no jurisdiction to render said judgment. It does not appear from the record, however, that said motion was ever passed upon by the court, although there is in the record a motion for a new trial, which motion was, on the 30th day of September, 1929, overruled and notice of appeal given, and plaintiff in error was allowed 60 days in which to prepare and serve case-made. Case-made does not appear to have been served within the 60 days allowed, nor was any order made extending the time beyond the 60-day period in which such case-made could be served. The failure of the plaintiff in error to perfect its appeal from a purported order of the court overruling its motion to vacate judgment theretofore rendered, will be construed as an abandonment of such attempted appeal, the effect of which is to make the order of the trial court final and an adjudication of plaintiff in error's right to set aside the judgment complained of, which cannot under such state of the record, be reviewed by this court on appeal.

On September 28, 1929, plaintiff in error filed its motion to vacate the judgment of February 7, 1929, upon the ground that the

same was a default judgment upon service by publication only, that plaintiff in error had no actual notice of the pendency of the action in time to appear and defend, and that plaintiff in error had a good and valid defense to the action, setting same out in full in its motion, and should be let in to defend against such action. On September 30, 1929, defendant in error filed response thereto. On the same day, September 30, 1929, the court below denied plaintiff in error's motion to vacate the judgment rendered February 7, 1929, to which plaintiff in error excepted and gave notice of appeal and was allowed 60 days in which to make and serve case-made.

It appears from the record that the plaintiff in error failed to serve case-made within the time allowed therefor, nor did it seek or obtain a further extension of time to serve case-made, but allowed the time to expire and the order of the lower court to become a final judgment denying the right of the plaintiff in error to have the judgment of February 7, 1929, opened and the plaintiff in error let in to defend. Where plaintiff in error fails to make and serve his case-made within the time allowed by statute, or within the time extended by a valid order of the court, the same is a nullity and the appeal will be dismissed. Jones v. Blanton, 130 Okla. 200, 266 P. 438, and numerous supporting cases to the same effect. Following the rule in Jones v. Blanton, supra, this court will not consider on appeal questions which have been allowed to go to final judgment in the court below by a failure to prosecute and perfect an appeal therefrom.

At the time of the making of the order appealed from overruling plaintiff in error's objections to the confirmation of sale and confirming the sale, no exceptions were saved, no notice of appeal was given, no order was made extending the time in which to make and serve case-made, nor was such an order made within 15 days thereafter. Plaintiff in error filed its motion for a new trial on the day the order of confirmation was made, September 30, 1929, which was overruled May 8, 1930, at which time the trial court made an order extending the time in which to make and serve the case-made. The case-made was served on the defendant in error on July 30, 1930, and on the 9th day of August, 1930, was settled and signed, and with the petition in error was filed in this court October 30, 1930. The finding and determination of a motion for new trial of a contested question of fact, not arising upon the pleadings but upon a motion, is unnecessary to authorize this court to review an order made on such hearing. Powell v. Nichols, 26 Okla. 734, 110 P. 762; Ginn v. Knight, 106 Okla. 4, 232 P. 936. Further, the filing of an unnecessary motion for a new trial and the later determination thereof does not extend the time in which to make and serve case-made. The order of the court made on the 8th day of May, 1930, extending the time in which to make and serve case-made, is a nullity for the reason that the court was without jurisdiction to make the same, such order not having been made within the 15 days allowed by law in which to make and serve case-made after the making of the order appealed from. Petty v. Foster, 122 Okla. 152, 252 P. 836; Lambert v. Monarch Cement Co., 141 Okla. 31, 285 P. 844.

The case-made served July 30, 1930, not having been served within the time allowed by law or a valid order of the court, is a nullity and brings nothing before this court for review, and the petition in error not having been filed within the six months from the date of the order appealed from, this court is without jurisdiction to review the order complained of, and the appeal is dismissed.

The Supreme Court acknowledges the aid of District Judge D. C. McCurtain, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.