## In re SCHOOL DIST. NO. 26, PAYNE COUNTY.

No. 24878.   Feb. 4, 1936.

Rehearing Denied March 24, 1936.

Thos. A. Higgins, for appellants.

L. G. Lewis, for appellees.

CORN, J. This is an appeal from the judgment of the county court of Payne county, which sustained the action of the county superintendent of said county in attaching said school district No. 26 of said county to school district No. 3 therein. This case is appealed by transcript, and none of the evidence taken in the lower court is brought here either by case-made or by bill of exceptions. The appeal is taken from the order of the county superintendent as provided in chapter 34, art. 1, Session Laws 1931.

From an examination of the briefs we find it is the contention of the plaintiffs in error that Ripley school district No. 3 is a consolidated school district, and that because no notice of the proposed action of the county superintendent was given prior to the time she attached school district No. 26 to the Ripley district, her action in so doing is void.

It is the contention of the defendant in error that school district No. 3, known as the Ripley district, is an independent school district, and is not a consolidated district, and the judgment of the trial court was based upon that theory.

Questions of evidence cannot be reviewed upon transcript. Glass v. Gould, 41 Okla. 424, 138 P. 796; Bopst Roofing Co. v. Salem Trading & Finance Co., 115 Okla. 283, 242 P. 1044; McGrew et ux. v. Land, 154 Okla. 273, 7 P. (2d) 676; Cowan v. Young, Sheriff, 164 Okla. 56, 22 P. (2d) 372.

In Cowan v. Young, Sheriff, supra, the second paragraph of the syllabus is as follows:

"The evidence introduced in the trial in the court below is not a part of the record, and unless brought up on bill of exceptions or case-made, the same cannot be reviewed, and a proceeding in error based upon alleged errors arising upon such evidence will be dismissed, as nothing is presented for review."

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and GIBSON, JJ., concur.