PONDER et al. v. BEELER MOTOR CO.

*96 P. 2d 65.*

No. 29157.   Nov. 21, 1939.

W. B. Garrett and Sam S. Harlan, both of Mangum, for plaintiffs in error.

Jeff H. Williams, of Chickasha, for defendant in error.

WELCH, V.C.J. Plaintiffs sued to recover possession of an automobile upon which they held an unfiled conditional sales contract. The cause was tried to the court without the intervention of a jury, resulting in a judgment in favor of the defendant.

The entire evidence was in the form of stipulations as follows:

"That, on or about November 3, 1932, the plaintiff sold to one G. P. Dickson a certain used Chevrolet automobile, and taking a lien thereon, in the form of a conditional sales contract; that plaintiff failed to file said conditional contract of record in any county in Oklahoma; that at times hereafter mentioned, there was due and owing to plaintiffs from G. P. Dickson, on said used car, the sum of $158, and which sum is now unpaid; that the fair and reasonable value of said used Chevrolet, as of December 23, 1932, was $200. That on December 23, 1932, the said G. P. Dickson traded said used Chevrolet to Beeler Motor Company, defendant herein, as a down payment on a new Plymouth automobile, being allowed by Beeler the sum of $240 therefor. It is further stipulated and agreed that defendant Beeler had no constructive notice of plaintiff's mortgage or lien on said used car, but the plaintiff contends that said defendant did have actual notice of said mortgage or lien at the time he traded for said used car—and which defendant denies.

"It is agreed that Dickson came to Beeler the night before and the new car was demonstrated to him; they agreed on the terms of the trade; the next morning Dickson came back to the garage (Beeler's place of business) with the Chevrolet and selected a two-door new car, which was serviced out; Dickson left the Chevrolet in the garage, drove the new car to the front curb—outside in the street—went into Beeler's office and there executed the papers that had been drawn, Beeler delivering Dickson the title—Dickson had the keys to the new car. Dickson started out the door; Beeler called to him and inquired for the license receipts for the used Chevrolet; Dickson told Beeler that the title was at Elk City; that he owed or had owed the Chevrolet people there on it and had sent them a check and would have the title papers or license receipts in a day or two for him. Dickson was going on out the door and then got into the new car and drove it off. Beeler reconditioned the used Chevrolet, and in a few days, or might have been two or three weeks, called Palace Chevrolet Company (plaintiffs herein) about the car and the title and told them he had traded for it; Jenkins, assistant manager at Elk City for the plaintiff, talked with him and asked if he was interested in the car and told him they had $158 against it."

The question presented here is wheth-

er defendant had actual notice of plaintiffs' lien before it fully consummated the purchase of the Chevrolet and parted with title to the Plymouth in consideration therefor.

It is asserted that the opinion of this court in Ponder et al. v. Beeler Motor Co., 176 Okla. 385, 55 P. 2d 1010, is the law of the case herein and fully supports plaintiffs' assertion of error upon this appeal. We think the facts therein shown are sufficiently different than shown here to disclose that such contention is without merit. However, the case is in point as regards the general rules of law as to the effect of actual notice.

The defendant in this case very properly we think admits the following:

"* * * Defendant admits, certainly, that if it had not already parted with the new car, and too, had not already delivered title to the said Dickson, then it would have been possible for said defendant to, and, no doubt, his duty to withhold completion of the deal until inquiry could be made touching outstanding liens against the used car. * * *"

We have then to consider the effect of the transaction had between defendant and Dickson as detailed in the above stipulation.

We think it clearly appears therefrom that it was the intention of those parties that Dickson was not to take title to the new car except simultaneously with defendant's taking legal title to the Chevrolet, free of plaintiffs' lien. The whole transaction shows that defendant intended to take title to the Chevrolet as a part of the initial payment on the new car. All facts point clearly to the fact (up to the point where defendant asked Dickson for the title papers) that defendant did not intend to part with title to the new car under any other condition. In order to take legal title to the Chevrolet the parties were required to furnish and obtain a certificate of title under the provisions of sections 10296 and 10307, O. S. 1931.

That being true, the mere physical delivery to Dickson of certificate of title and the keys to the new car did not pass the equitable title, and so we must conclude that the deal had not been consummated and defendant had parted with nothing of value prior to the time when he asked Dickson for the certificate of title to the Chevrolet. Upon such request defendant was advised of plaintiffs' lien. Whether or not defendant's subsequent action amounted to a waiver of the equivalent of cash terms of the sale is of no concern to us here. Defendant either then acquiesced in the suggestion that Dickson would attend to the transfer of title to the Chevrolet later, which we might assume was done, or it quietly sat by and allowed Dickson to remove the defendant's property (the new car) before title thereto had fully passed to Dickson.

Apt statements of the rules of law supporting our conclusion are to be found in 55 C. J. pages 566-567, being a part of paragraph 575, as follows:

"* * * If the parties intend that payment shall be made before title passes, such intention controls, and there is no transfer of title until payment is made, even though possession of the property is delivered to the buyer and a bill of sale reciting payment executed. So, if by the terms of the contract payment is made a condition precedent to the passing of title, or if it otherwise appears that such was the intention of the parties, the title will not pass until payment is made, unless the condition as to payment is waived."

And same volume, pages 567 to 569, as follows:

"As a general rule, in a sale for cash or cash on delivery, payment of the purchase price, unless waived, is a condition precedent to the passing of title, and this is true where the sale is expressly for cash or cash on delivery, and in some jurisdictions where a cash sale is implied from the fact that the contract is silent as to the time for payment. Other jurisdictions, however, apply the general rule previously stated with regard to unconditional sales, holding that, if the goods are specific and the contract is otherwise complete, title passes at once, subject to the seller's lien, so as to place the goods at the risk of the buyer, although he is not entitled to possession until payment

is made or tendered. Of course, if by the contract payment of the price is a condition on which the passing of the property depends, the property will not pass until the condition is fulfilled.

"A sale which is to be the equivalent of cash is not completed so as to pass title until the consideration specified has passed."

Defendant cites authorities to the effect that the judgment of the court where jury has been waived will not be disturbed upon appeal when it is based upon findings by the court on conflicting evidence. Our conclusions here are not based upon conflicting evidence, nor is there any evidence reasonably sustaining the trial court's finding and judgment. Upon the other hand, the facts as stipulated by the parties disclose the clear right of plaintiff to recover. The judgment is therefore reversed, and the cause remanded, with directions to render judgment for the plaintiff.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.