## HAMBY v. MOUNTS et al.

No. 10324—Opinion Filed Oct. 4, 1921.

(Syllabus.)

**1. Appeal and Error — Case-Made — Time Extension.**

A trial court has not the authority to set the time for preparing and serving case-made for a period of time extending beyond the time fixed by statute for filing of an appeal in the Supreme Court. (Section 5246, Rev. Laws 1910.)

**2. Same—Time for Perfecting Appeal.**

Under the act of the Legislature approved February 14, 1911, ch. 18, Session Laws 1911, p. 35, and the act of the Legislature approved the 23rd day of March, 1917, ch. 219, Session Laws of 1917, p. 403, this court is without jurisdiction to entertain an appeal unless commenced by filing the record of the case by transcript or case-made and petition in error in this court within six months after the rendition of the judgment or final order from which the appeal is taken. Ham et al. v. Veasey, 79 Okla. 133, 191 Pac. 1094; Hall v. Bank of Commerce of Okmulgee, 80 Okla. 40, 193 Pac. 990; Russell v. Galt, 83 Okla. 41, 200 Pac. 853.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by L. H. Hamby against Providence Mounts and others. Judgment for defendants, and plaintiff brings error. Dismissed.

L. H. Hamby, for plaintiff in error.

Jno. E. Williams and Wilson & Roe, for defendants in error.

ELTING, J. This suit was filed in the district court of Tillman county, state of Oklahoma, on February 11, 1918, by L. H. Hamby, against Providence Mounts and H. S. Davis, as a copartnership doing business under the firm name of Mounts & Davis, and Moman Pruiett, doing business as an attorney.

To the petition the defendants filed a motion to make the petition more specific and certain, and Moman Pruiett filed a motion to quash service of summons. The court sustained both the said motion, to which action of the court the plaintiff in error, plaintiff below, excepted. A portion of the court's order reads as follows:

"Thereupon the plaintiff praying an appeal to the Supreme Court of the state of Oklahoma, he is, by the court, allowed until November 11, 1918, in which to prepare case-made, ten days thereafter to suggest

amendments and case-made to be settled and signed on five days' notice to either party.

"The minutes of the court clerk showed as follows:

"Hamby v. Mounts & Davis et al.

"Motion to make more definite and certain sustained. Exceptions allowed. Motion to quash sustained. Exceptions allowed. Notice of intention to appeal to the Supreme Court given in open court. 193 days granted in which to make and serve case-made, ten days to suggest amendments, same to be settled and signed on five days' notice to either party."

The above quoted portion of the court's order is the material part thereof, as affects the finding herein.

The plaintiff below, plaintiff in error herein, filed a transcript or case-made and a petition in error in this court on November 1, 1918. It appears from the record that the clerk of the Supreme Court received the record on October 25, 1918, but did not mark the same filed until November 1, 1918. It appears from the record that the proceedings had upon these motions and the orders made thereon from which appeal is taken were made on April 22, 1918. On August 15, 1921, the defendants in error filed a motion to dismiss this appeal for the reason that the same was not filed within six months from the date the orders appealed from were made in the trial court.

This appeal will have to be dismissed by this court, for the reason that the same was not filed within six months from the date of the order appealed from.

Chapter 18, Session Laws of 1910-11, reads as follows:

"Section 1. Section 574 of chapter 66, of the General Statutes of Oklahoma, 1893, entitled 'An Act to provide a Code of Civil Procedure for the territory of Oklahoma,' is hereby amended to read as follows:

"Section 574. All proceedings for reversing, vacating, or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order containing order complained of:

"Provided, that in case the person entitled to such proceedings be an infant, a person of unsound mind or imprisoned, such person shall have six months exclusive of the time of such disability to commence proceedings."

"Approved February 14, 1911."

The last day on which the plaintiff in error would have to file this appeal would expire on the 22nd day of October, 1918. This would be counting full time.

We do not think this court had jurisdiction in this appeal for another reason. It will be seen in one place in the order quoted above that the appellant was given until November 1, 1918, to prepare a case-made, and in another place in the order he was given 193 days in which to make and serve case-made. The trial court would not have the power to make an order extending the time to make a case-made for a term beyond six months from the date of the order.

Section 5246, Rev. Laws 1910, reads as follows:

"The court in which any case has been tried and finally determined may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge, upon a notice to the adverse party, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

It might be suggested, furthermore, that the orders of the court made overruling the two motions are not appealable orders. It is not necessary to pass upon these propositions.

This appeal is, therefore, dismissed, at the cost of the plaintiff in error.

Concurred in by court as a whole.