## LUSTER SMITH v. STATE.

No. A-7275. Opinion Filed Feb. 2, 1929.
Rehearing Denied March 9, 1929.
(274 Pac. 38.)

F. M. Cooper, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kingfisher county on a charge of driving an automobile on a public highway while under the influence of intoxicating liquors and sentenced to imprisonment for the term of one year and to pay a fine of $150 and costs of this action.

After overruling the defendant's motion for new trial, the court rendered judgment and pronounced sentence against the defendant on the 19th day of April, 1926, and on the same day gave the defendant 60 days to prepare and serve the case-made, 10 days for the suggestion of amendments, and to be settled on 5 days' notice.

Thereafter, on the 3d day of July, 1926, the defendant made application to the trial judge for an extension of time in which to make and serve the case-made, which application was duly served on the county attorney; the

application being based on section 789, C. O. S. 1921, which provides, among other things: "And in case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge, upon notice to the adverse party, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

After hearing the evidence, the trial judge overruled the application for extension of time, and the defendant attempted to appeal from that order to this court. The Attorney General has filed a motion to strike the case-made.

The procedure in a case of this kind is by section 790, C. O. S. 1921: "If the court rendering final order or judgment in a case, or the judge thereof, shall refuse to allow a reasonable time to make and serve a case, or to file the same in the appellate court, the party desiring to file the appeal or proceeding in error may, upon notice to the adverse party, make application to the appellate court having jurisdiction of such an appeal or proceeding in error, or to one of the justices thereof, for such order, and said court and justices thereof shall have the same power and jurisdiction in relation to such matters as the court in which such final order and judgment was rendered, but their orders shall be filed in the trial court."

No application was ever made to this court for an order extending time to make and serve case. This court obtained no jurisdiction by this attempted appeal to pass upon the sufficiency of the showing, for the extension of time to make and serve the case-made. Under section 790, this court has original jurisdiction to grant the relief after refusal to do so by the trial court.

In the case of Talliaferro v. State, 20 Okla. Cr. 57, 200 P. 1068, the court says: "Under the provisions of sections 5246 and 5247, Rev. Laws 1910, in case of accident or misfortune which could not have been reasonably avoided by the party appealing, the appellate court may, upon a proper showing, make an order fixing the time for making and serving a case, or filing the same in the appellate court, beyond the time allowed by statute, but not beyond the time within which an appeal may be commenced in the appellate court."

The record in this case discloses that the case-made was not made and served within the time fixed by the trial court. This court can only examine the transcript for errors of law in the record. This examination discloses that the only question raised by the attempted appeal is the overruling of the application for an extension of time to make and serve the case.

Since no appeal lies to this court from such an order, the attempted appeal must be dismissed.

EDWARDS, P. J., and DAVENPORT, J., concur.

## On Petition for Rehearing

CHAPPELL, J. On petition for rehearing by defendant, the court will treat the case-made in his case as a transcript. In this case the only question under the record in the transcript that can be considered by the court is the sufficiency of the information. It was not contended that the information was insufficient. The information properly charged the offense of driving a car while intoxicated. The petition for rehearing is denied, mandate ordered to issue.

EDWARDS, P. J., and DAVENPORT, J., concur.