### HARRELL v. COLE.

No. 25444.   May 29, 1934.

Rehearing Denied June 12, 1934.

W. F. Smith, for plaintiff in error.

Dabney, Lawson, Rakestraw & Benson, for defendant in error.

PER CURIAM. This matter arises on a motion to dismiss the appeal on the ground

that the court has no jurisdiction to hear the appeal for the reason that section 539, O. S. 1931, provides the plaintiff the exclusive remedy under the statutes in a case where the trial court refuses to grant an application after the original time or some valid order made within the original time has expired in which to make and serve case-made.

It appears that the last order extending the time in which to make and serve case-made in this matter expired on the 28th day of January, 1934. The case-made was served on the 3rd day of February, 1934, notice of settlement of the case-made was given, stating that settlement would be made on February 9, 1934, but no such settlement was had or attempted. But thereafter, on February 15, 1934, the plaintiff in error filed an application to extend the time in which to make and serve case-made and gave notice thereof, which was filed on the same date.

On February 19, 1934, the trial court heard this application, and on the 20th day of February, 1934, entered its order refusing to grant the further extension of time in which to make and serve case-made. It does not appear that the plaintiff in error made any application to this court for an extension of time in which to make and serve case-made at all, but attempted to appeal from the order of the court denying his application of February 20, 1934.

It is the settled law of this state that a case-made not served within the time provided by statute or some legal extension thereof is a nullity and brings nothing to this court for review, unless the errors complained of can be reviewed on the record and the record is certified as a transcript. Jones v. Blanton, 130 Okla. 200, 266 P. 438.

All of the errors complained of occurred at the trial and can only be reviewed on a proper bill of exceptions or case-made. McCoy v. McCoy, 27 Okla. 371, 112 P. 1040; Jones v. Blanton, supra.

Section 538, O. S. 1931, provides the method by which the trial court may grant an extension of time in certain cases after the original order or some valid order made within the extension of the original order

has expired. Section 539, O. S. 1931, is as follows:

"If the court rendering final order or judgment in a cause, or the judge thereof, shall refuse to allow reasonable time to make and serve a case, or to file the same in the appellate court, the party desiring to file the appeal or proceeding in error may, upon notice to the adverse party, make application to the appellate court having jurisdiction of such an appeal or proceeding in error, or to one of the justices thereof, for such an order, and said court and justices thereof shall have the same power and jurisdiction in relation to such matters as the court in which such final order and judgment was rendered, but their orders shall be filed in the trial court."

In the case of Hamby v. Mounts, 95 Okla. 163, 217 P. 473, this court held that the trial court has no authority to set a time for preparing and serving case-made for a period of time extending beyond the time fixed by statute for filing an appeal in the Supreme Court. A like holding was made in the case of Universal Automobile Ins. Co. v. Bryant, 137 Okla. 304, 280 P. 266. In the case of In re Estate of Stout, 117 Okla. 12, 245 P. 868, the court held that an order granting an extension after expiration of the time in which to make and serve case-made is governed by this section. In Bruner v. Eaton, 121 Okla. 209, 249 P. 734, this court held that an order regular upon its face extending the time in which to make and serve case-made will not be reviewed upon motion to dismiss the appeal, but will be reviewed if properly presented by cross-petition in error. In Smith v. State, 41 Okla. Cr. 436, 274 P. 38, a criminal case, the Criminal Court of Appeals held that where the trial court refuses to extend the time for making and serving case-made, the remedy is not by appeal.

We have found no case cited by either party to this action and in fact research reveals none in which the Supreme Court of this state has passed directly upon this question. But it is apparent from the wording of the statute and the decisions thereunder that section 539, O. S. 1931, was enacted to provide ample and exclusive remedy to the party complaining of the action of the trial court in refusing to grant an order of extension of time in which to make and serve case-made in such cases. For the reasons stated, the appeal is dismissed.